# Constine's Appeal.

1. A debtor who takes no part in the court below in proceedings for the distribution of the proceeds of sale of his real estate under execution, and files no exceptions to the auditor's report, cannot by appeal, take advantage of exceptions filed by creditors, which the court dismissed, and upon the hearing of which confirmed the report absolutely.

2. An exception on the ground that the court had no right to appoint an auditor, and decree distribution when there was no fund in court, is too late after final decree, in the court below, and cannot be taken in the Supreme Court on an appeal.

APPEAL from the decree of the court of Common Pleas of *Luzerne county*, distributing the money made from the sheriff's sale of appellant's real estate.

John Constine's real estate having been sold by the sheriff, April 2, 1853, under a *venditioni exponas*, and the writ returned on the 4th of April, the court appointed an auditor to distribute the proceeds.    The proceeds were insufficient to pay all the lien creditors; Constine was not entitled to, and did not claim, any part of the fund, and did not take any part in the proceedings for distribution.    The auditor having filed his report, May 24, 1853, exceptions were filed on the part of some of the creditors, which were not finally disposed of till April 14, 1854, when the court dismissed the exceptions, refusing, at the same time, a motion to recommit, which had been made by the excepting creditors, and confirmed the auditor's report absolutely.    No appeal was taken by the creditors who excepted; but Constine took this appeal, and assigned for error the dismissal of the exceptions filed by the creditors, the confirming of the auditor's report, the refusal to recommit, and the appointment of an auditor, and decreeing distribution, when there was no fund in court.

There was nothing upon the record to show positively that the money had been paid into court; but the *venditioni exponas* was duly returned by the sheriff, as appeared by the docket entries, and by the return itself.

*H.* and *C. E. Wright*, for appellant.

*Wood*, for appellee.

The opinion of the court was delivered by

LEWIS, C. J.—This is an appeal by John Constine from the distribution of the proceeds of his own real estate sold at sheriff's sale.    The auditor's report shows that the proceeds were not sufficient to pay all the lien creditors.    It is not pretended that the

[Miller et al. *v.* Holman.]

claims of the creditors were unjust; nor does it appear, from any part of the record, that John Constine is, in any event, entitled to any part of the money. It does not appear that he claimed any of it, or took any part in the proceedings in the court below. He filed no exceptions whatever to the auditor's report. His special exception here is that the court had no right to appoint an auditor, and decree distribution, "when there was no fund in court." If this exception had been made in the court below, the necessary entries, showing that the money was in court, could have been made; or if the money was not in court, the distribution would have been suspended until it was brought there. To make this exception after final decree, is to make it out of time. To make it here, without presenting it to the court below, is to make it in the wrong place. As the record stands, we are bound to presume that the money was within the grasp of the court. The case of *William's Appeal* has no application. In that case, it appeared affirmatively that the money had in part been distributed by the sheriff at his own peril, and was, therefore, not in the power of the court. 9 Barr, 279.

There is no error in the decree of distribution.

Decree affirmed.