## Chadwick *et al.* versus Ober *et al.*

1. A scire facias was issued against four and returned "nihil" as to three; the one served filed an affidavit of defence to the action as to all. An alias scire facias was issued against the three and returned "nihil." Judgment was taken against the three and was set aside. The defendant served, pleaded; the other three pleaded a separate plea; the plaintiff took a writ of error to setting aside the judgment. *Held,* that a writ of error would not lie.

2. The action was an unit, and there should be final judgment before a writ of error would lie.

November — 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Venango county:* No. 193, to October and November Term 1871.

On the 11th of July 1870, Elihu Chadwick and others issued a scire facias *sur* recognisance in error to the Supreme Court, against George Ober, Augustus Hartje, Henry C. Reineman and Martin Hechelman. Service was made on Ober, and the sheriff returned "nihil" as to the other defendants. Ober, on the 2d of August, filed an affidavit of defence which went to the whole cause of action against himself and the other defendants, who were his sureties. On the 26th of August, the plaintiffs issued an alias scire facias *sur* recognisance which was returned "nihil."

On the 14th of December, the plaintiffs entered judgment against Hartje, Reineman and Hechelman after two returns of "nihil." The judgment was certified to Allegheny county and entered there, becoming a lien on the defendants' real estate there. On the 10th of March 1871, the court (Trunkey, P. J.) set aside the judgment upon a rule to show cause, &c. On

[Chadwick v. Ober.]

the same day, Ober pleaded "*nul tiel record*," payment with leave, &c. The other defendants pleaded payment with leave, &c.

On the 29th of September 1871, the plaintiffs removed the record to the Supreme Court, and assigned for error, setting aside the judgment against Hartje, Reineman and Hechelman.

*McCalmont & Osborn* and *C. T. Bonsall*, for plaintiffs in error, cited Horner *v.* Hower, 3 Wright 126, as to the decree of the court here being reviewable in Supreme Court.

*A. B. McCalmont* and *S. H. Geyer*, for defendants in error.— Grant *v.* Hickcox, 14 P. F. Smith 334.

The opinion of the court was delivered, January 9th 1872, by

THOMPSON, C. J.—The writ of error in this case brings up a record upon which final judgment has not been entered. It was an action on a recognisance of bail in error to which an affidavit of defence was filed by Ober, one of the defendants, in favor of himself and the other defendants, his sureties. No judgment was taken for want of an affidavit of defence or otherwise, and Ober pleaded *nul tiel record, payment with leave*, &c. There the case as to him stands. As to the other defendants there was no service, two *nihils* being returned on successive sci. fas. Judgment was entered against them in the prothonotary's office for want of appearance, and as I understand it, liquidated for the whole penalty in the recognisance, and a transcript taken to Allegheny county to make a lien on the property of the defendants, or some of them. The court below on motion, struck off this judgment as irregularly entered, and then these defendants appeared and pleaded to the action, and so the matter now stands as to them. Until the case, thus untried and ready for trial, is disposed of, no writ of error lies. When that is done the whole record can be reviewed in this court, but not until then. If there were nothing else in the way but the untried issue tendered by Ober, the case would not be reviewable until that was disposed of. The action is a unit, although against several, and there must be final judgment, or something in the nature of final judgment, on the record before it is ready for review in this court. If this were not so, we might have several writs of error on a single judgment by the same party in the same case. We have very often said this, and when it is not regarded in practice, we universally quash the writ of error.

Writ quashed.