## Kate Hull Semple, Appellant, *v.* James M. Semple.

*Execution—Distribution of proceeds of sheriff's sale—Ruling money into court—Acts of June* 16, 1836, *and June* 28, 1871—*Auditor.*

The courts have no authority to decree distribution of a fund not within their grasp, without the assent of the parties in interest.

Where the plaintiff in an execution has permitted the sheriff to schedule a distribution and pay out the money without asking that it be paid into court, the court has no power, in the absence of special legislative au-

thority, to disturb the schedule, or appoint an auditor to distribute the fund.

Argued Oct. 16, 1899.   Appeal, No. 30, Oct. T., 1899, by plaintiff, from order of C. P. Beaver Co., Sept. T., 1898, No. 55, discharging rule to appoint an auditor.   Before GREEN, MC-COLLUM, MITCHELL, DEAN, FELL and BROWN, JJ.   Affirmed.

Rule to appoint an auditor to distribute fund raised by a sheriff's sale.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order discharging rule.

*Edwin L. Mattern,* for appellant.

*A. S. Moore,* with him *W. S. Moore,* for Strassburger & Josephs, appellees.—The court had no authority to appoint an auditor to distribute the fund because it was not within its grasp ; so, for the same reason it had no authority to supervise or authorize a distribution by the sheriff : Williams's App., 9 Pa. 267 ; Atkins's App., 58 Pa. 92 ; Masser v. Dewart, 46 Pa. 536.

*Frank H. Laird,* for Marion Stevens, formerly Marion Semple, appellee.

OPINION BY MR. JUSTICE DEAN, December 30, 1899 :

The appellant held a judgment against James M. Semple, No. 64, September term, 1896, in common pleas of Beaver county, on which she issued execution and sold the interest of defendant in certain land in said county for the sum of $1,530.   This sum the sheriff by schedule duly returned distributed to two prior liens of record, one of Strassburger & Josephs, and one of Marion Semple, which with costs exhausted the fund in his hands. The appellant in petition to the court averred, that these judgment liens were collusive between plaintiffs and defendant and therefore void ; further, that the irregularities incident to their entry of record were so flagrant, that they could not be treated as record liens entitled to distribution ; therefore, she prayed the court to appoint an auditor to make distribution of the fund raised by the sheriff's sale.   The court awarded a

rule to show cause why an auditor should not be appointed and, after hearing on petition, answer and evidence, found that neither of the averments in the petition was sustained. therefore, the rule was discharged and we have this appeal, assigning for error the judgment of the court.

It is not necessary to review the findings of fact and conclusions of the court. On the settled law, her method of proceeding is incurably irregular and cannot be sustained. The purchase money of the land never was within the grasp of the court for distribution by the court or by an auditor acting for the court. The sheriff undertook to distribute it at his own risk, did distribute it and pay it over to apparently prior lien creditors of record and took their receipts. The appellant could have ruled the sheriff to return his writ and pay the money into court, for distribution by the court; she did not do this but seeks to attain the same end by inducing the court to review a distribution made by the sheriff. The acts of June 16, 1836, and June 28, 1871, the general acts on the subject, gave to the courts no power to revise the sheriff's distribution made out of court before the return of his writ; the special act of April 10, 1862, for Allegheny county, afterwards extended to Schuylkill and Lehigh counties, did confer a power of revision of the sheriff's schedule of distribution on the courts of common pleas of those counties. But as to counties under the general acts, the law is as announced in Williams's App., 9 Pa. 267: "The practice of making orders for the distribution of money not paid in is erroneous and ought not to be pursued, except where sanctioned by act of assembly. What gives the court authority is a grasp upon the proceeds of sale. Without this they are powerless for its distribution, and much less to so determine conflicting rights in a summary way." Then in Atkins's App., 58 Pa. 92, we said: "It is supposed that there is a general practice to make distribution while the money is not paid in ( to court). If there be such a bad practice the sooner it is abandoned the better. It is directly in the face of what this court said in Williams's App., 9 Pa. 270, recognized in Masser v. Dewart (1864), 46 Pa. 536." Then in Kauffman's App., 70 Pa. 264, we again said: "Courts have no authority to decree distribution of a fund not within their grasp without the assent of the parties in interest."

So, without regard to the questions of collusion and defectiveness of the exemplification of record of the judgments, this appeal cannot be sustained; for, as appellant permitted the sheriff to schedule a distribution and pay out the money without asking that it be paid into court, the court had no power to disturb the schedule or appoint an auditor to distribute a fund out of its possession.

The decree is affirmed.