## North Philadelphia Federal Saving & Loan Association v. Thornton et ux.

*James F. Masterson,* for plaintiff.

*James D. McCrudden,* for defendants.

*Raymond G. Cohlberg,* for petitioner.

MacNeille, P. J., January 29, 1952.—Petitioner, Simon Sagle, filed a petition setting forth that he is the assignee of a stated portion of funds held by the sheriff in excess of the amount necessary to satisfy the judgment upon which execution issued; that he has demanded of the sheriff the money alleged to be due to him under the assignment. A rule was granted upon the sheriff to show cause why he should not pay

such sum to petitioner. The sheriff filed an answer setting forth, inter alia, that "the sheriff disclaims any interest in the fund except to pay the same to the person or persons lawfully entitled thereto; it appearing from the certified list of liens furnished the sheriff pursuant to the Act of April 20, 1846, P. L. 411, that certain judgment liens discharged by the execution sale aforesaid have priority in distribution to the claim of the petitioner. . . ."

It is sufficient for present purposes to note that petitioner challenges the efficacy of the liens asserted by the sheriff on the ground of variation in the recording of the names of the judgment debtors and the debtors on the execution. We are of the opinion that this proceeding is not provided for by statute. From an examination of the record we are unable to find that the sheriff has filed in the office of the prothonotary a schedule of distribution of the proceeds of sale to which schedule petitioner could file exception (see Act of April 10, 1862, P. L. 364, sec. 1 as amended, 12 PS §2670), nor have the parties in interest assented to a decree of distribution without payment of the funds into court: Act of June 28, 1871, P. L. 1376, sec. 1, 12 PS §2671; Semple v. Semple, 193 Pa. 630; see also Leith v. Bauder, 25 Dist. R. 699; Ingram v. Leonard, 80 Pitts. L. J. 270.

Of course this court, of its own motion, cannot order the sheriff to make payment of execution proceeds into court, and it has been many times stated that the sheriff may make such distribution as he sees fit at his peril: William's Appeal, 9 Pa. 267; Commonwealth, for use, etc. v. Walter, 99 Pa. 181; In re Bastian, 90 Pa. 472; Knoell v. Carey, 285 Pa. 498. Two procedures are available if the sheriff intelligently seeks to avoid the contingency of personal liability for improper distribution; he may petition the court for permission to pay the proceeds into court or he

may simply refuse payment and thereby compel the parties in interest either to rule him to show cause why the proceeds should not be paid into court, or to seek the framing of an issue. See William's Appeal, 9 Pa. 267, 269 (1848) ; Commonwealth, for use, etc., v. Walter, 99 Pa. 181 (1881) ; see also Moore v. Dunn and Fell, 147 Pa. 359 (1892) ; Citizens Bank v. Variali, 18 D. & C. 315.

In this case we are asked to determine distribution rights though the funds have not been paid into court and no assents under the Act of 1871, supra, appear. Such practice was condemned in William's Appeal, 9 Pa. 267. Mr. Justice Rogers stated on behalf of the court (page 270) :

"But another objection lies to this decree. The fund, which was the subject of it, was not, as it ought to have been, in actual possession of the court at the time of decree made. The practice of making orders for the distribution of money not paid in, is erroneous, and ought not be pursued, except where sanctioned by act of Assembly. What gives the court authority is a grasp upon the proceeds of the sale. Without this, they are powerless for its distribution, and much less so, to determine conflicting rights in a summary way. In England it is never done, I believe, and with us it is properly regulated by statute. The present is an instance of the inconvenience of a contrary practice. It exhibits an attempt to invoke the aid of judicial conclusion for the summary protection of an act *in pais*, involving not only the right of an asserted creditor, but the impeached conduct of the sheriff. This cannot be done. . . ."

### Order

And now, January 29, 1952, the rule to show cause, heretofore granted upon the sheriff, is discharged without prejudice to the parties to proceed as provided by law.