## Dewoody *v.* Dewoody.   Ray's Appeal.

*Sheriff—Payment of money into court—Notice.*

The sheriff is entitled to notice of an order directing him to pay money into court.

Where an order is made upon the sheriff to pay money into court, without any previous notice of the application to him, and subsequently the sheriff presents a petition praying for leave to answer the motion on which the order was granted, which petition the court below refuses, the Supreme Court will reinstate the petition, and order a procedendo.

Argued Oct. 4, 1893.   Appeal, No. 90, Oct. T., 1893, by Leonard L. Ray, sheriff, from order of C. P. Venango Co., Jan T., 1892, No. 38, in Perry Dewoody v. A. L. Dewoody, refusing to vacate an order directing the sheriff to pay money into court. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Petition to vacate order directing sheriff to pay money into court.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) in granting an absolute rule or peremptory order on the sheriff to pay into court $500 of the amount realized from sale of defendant's real estate on the fi. fa. No. 38, Jan. T., 1892, on motion of A. W. Dewoody ; (2) in refusing the prayer of appellant's petition for an opportunity to reply to the motion upon which the said order was granted and show cause why the said order should be vacated.

*Carl I. Heydrick, E. H. Lamberton* and *Robert F. Glenn* with him, for appellant, cited : Pryer v. Mark, 129 Pa. 529 ; Mark v. Osmer, 138 Pa. 1.

*George S. Criswell, J. W. Lee* with him, for appellee, cited : Franklin Township v. Osler, 91 Pa. 160 ; Bastian's Case, 90 Pa. 475.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 23, 1893 :

In January, 1892, A. L. Dewoody's real estate was sold by appellant, then sheriff of Venango county, on executions in favor of Perry Dewoody and others, for eleven hundred and ten dollars. In September following, the court, on motion of counsel for A. W. Dewoody, who claimed to be a co-defendant with said A. L. Dewoody in another judgment, made a peremptory order on appellant, as sheriff, etc., to pay into court $500 of the money realized by said sale. So far as appears, this was done without notice to him. Shortly afterwards, he presented his petition, averring, in substance, that prior to the making of said order he had paid said money to Perry Dewoody, a judgment creditor of the defendant in the execution, and praying for leave to answer the motion on which said order was granted, and assign reasons for the vacation thereof. That petition was denied.

The subjects of complaint, as presented in the specifications of error, are (1) the peremptory order, etc., and (2) the refusal of the court to entertain his petition.

The order in question having been made without notice to appellant, he of course had no day in court in relation thereto. It is scarcely necessary to say that such an ex parte proceeding against a public officer, or any one else, is unwarranted and erroneous. In this case, the error was perpetuated by the re-

fusal to entertain appellant's petition.   He was clearly entitled
to a hearing in some form ; and that may yet be accorded him
by reinstating his petition and directing the court to proceed
thereon in the regular and orderly way.

The order refusing appellant's petition is therefore reversed
and set aside, and a procedendo awarded.

See also the preceding case.