# McCanna & Fraser Company, Incorporated, Appellant, *v.* Continental Hotel Company, Incorporated.

*Practice, C. P.—Sheriff's sale—Proceeds—Payment into court—Proceedings—Necessary parties.*

1. Before a sheriff can be ordered to pay into court money realized from a sheriff's sale, he has a right to be heard.

2. An order discharging a rule to show cause why money realized from a sheriff's sale should not be paid into court, will be affirmed if it does not.appear that the sheriff was served in any way with notice of the proceedings.

3. While it rests in the discretion of the court to grant or refuse an order on a sheriff to pay into court the proceeds of an execution, the court's action being reviewable a refusal should be accompanied by the reasons governing.

Argued Jan. 10, 1916. Appeal, No. 397, Jan. T., 1915, by plaintiff, from final order of C. P. No. 2, Philadelphia Co., Sept. T., 1913, No. 3644, discharging rules to show cause why a fund realized from a sheriff's sale should not be paid into court, in case of McCanna & Fraser Company, Incorporated, v. Continental Hotel Company, Incorporated. Before Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rules to show cause why a fund realized from a sheriff's sale should not be paid into court. Before Sulzberger, P. J.

The opinion of the Supreme Court states the facts.

The court discharged the rules. Plaintiff appealed.

*Error assigned* was in discharging the rules.

*William Charles Brown,* for appellant.

*James Collins Jones,* for appellees.

OPINION BY MR. JUSTICE STEWART, March 6, 1916:

The same goods and chattels were levied upon by the sheriff and sold under two writs of fi. fa. on judgments against different defendants. The earlier of the two writs directed a levy upon the goods and chattels of Frank Evans, trading as Continental Hotel, defendant; the later directed a levy upon the goods and chattels of the Continental Hotel Co., Inc., defendant. The return of the sheriff as to the earlier writ was, "Levied April 28, 1915, upon the goods and chattels of the within named defendant, and afterwards, to wit, June 15, 1915, I sold the same for the sum of $2,155.60." The return as to the later was, "Levied May 17, 1915, upon the goods and chattels of the within named defendant company, and afterwards, to wit, June 15, 1915, I sold the same for the sum of $2,155.60, subject to a prior writ of fi. fa. issued out of C. P. No. 2, Sept. Term, 1914, No. 2897." Two days after the sale of the goods the plaintiff in the later writ, this appellant, filed a petition in which he alleged that the Bell Hotel Corporation had filed with the sheriff a claim for rent as landlord, amounting to $31,834.89, the legality of which, for reasons assigned, the petitioner denied, alleging further that the judgment on which the earlier execution issued had been fully paid before the sale, and that the writ had not been used in good faith. The petition prayed for a rule on the Bell Hotel Corporation and upon the plaintiff in the earlier writ to show cause why the fund realized by the sheriff from the sale of the goods should not be paid into court, and an auditor appointed to distribute the same. A joint answer to the rule was made denying the allegations contained in the petition. Thereupon certain depositions were taken by the petitioner in support of his claim. On the 27th July following, the court, without assigning any reason whatever, so far as appears by the record, discharged the rule. On the 25th October following the appellant filed another petition to the same effect as the first, asking that a rule issue directed to the

same parties and in addition to the sheriff, to show cause why the fund should not be paid into court and an issue awarded to determine the right and title of the respective claimants. Such rule issued, and again a joint answer was filed in the earlier writ, denying the averments in the petition. The sheriff made no answer, and it does not appear that he was ever served with the rule. Again, without assigning any reason for its action, the court discharged the rule, and this appeal followed. While it rests in the discretion of the court to grant or refuse an order requiring the sheriff to pay into court the proceeds of an execution, yet, inasmuch as the court's action upon the rule is reviewable, it is due this court that a refusal to so order be accompanied with the reasons governing. Here we are left wholly to conjecture. Because the record before us is so manifestly defective in several ways, it is quite possible that the governing consideration with us was not that which influenced the court below. The first rule to show cause why the money should not be paid into court, while it contained allegations which, if established, would show a superior right in the appellant, was directed exclusively against the plaintiff in the earlier writ. To be effective at all it should have gone against the sheriff with notice to the other claimants. Had such rule as was issued been made absolute it could have produced no results, the money not being in the hands of the parties against whom it was directed, but in the hands of the sheriff. For this reason, if for no other, the discharge of the first rule was fully justified. The second rule was directed against the several adverse claimants and included the sheriff. The adverse claimants filed a joint answer; the sheriff made no answer, and, so far as appears by the record, he was never served with the rule. Before a sheriff can be ordered to pay money into court realized on execution, he has a right to be heard: Dewoody v. Dewoody, 157 Pa. 603. While it would seem from the facts we have before us that it is a fairly disputable

question as to which of these claimants is entitled to this money, and it would be in relief of the sheriff's responsibility to have it distributed through the court, yet the sheriff has an undoubted right to make the appropriation himself if he chooses to take the risk. It nowhere appears that the fund remains in his hands. For all we know from the record he may have determined the question for himself, and may have paid over the money to the party he thought entitled to it. If such were the case, of course he could not have been required to bring it into court: Franklin Township v. Osler, 91 Pa. 160. What we decide is that the sheriff was a necessary party to the proceeding, and it not appearing that he was served in any way with notice, the rule was properly discharged. The judgment is affirmed.