## In re rule upon John S. Bastian, Sheriff of Lycoming county.

1. A sheriff may, in the absence of any notice or rule to pay the money into court, apply the proceeds of a sale of real estate to the liens; but he does so on his own responsibility and is liable on his official bond for any mistake.

2. Where parties are not satisfied for the sheriff to make distribution, they can always prevent it by a proper application to the court in seasonable time; but it comes too late when made long after the return day of the writ and after the sheriff has in good faith applied the money to the liens.

June 5th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   WOODWARD, J., absent.

Certiorari to the Court of Common Pleas of *Lycoming county :* Of May Term 1879, No. 129.

This writ was taken by John S. Bastian, sheriff of Lycoming county, to an order of the court in the matter of a rule on said sheriff to show cause why an attachment should not issue against him for contempt in not answering a rule of said court.

The following facts, together with those contained in the opinion of this court, will sufficiently state the case:

William Weightman obtained a judgment in the Court of Common Pleas of said county, against Peter Herdic, to No. 209, September Term 1878.   Upon this judgment an execution was issued to No. 155, September Term 1878, E. D., and by virtue thereof the sheriff sold certain real estate of the defendant, Peter Herdic, specifically described in his return to said writ, for the sum of $46,425. The said real estate was purchased by William Weightman, a lien-creditor of the defendant in said judgment, through his attorney R. J. C. Walker, Esq.   A deed was executed, acknowledged in open court and delivered by the sheriff to the purchaser at said sale.   This deed was subsequently placed on record.   In his return to said writ, the sheriff stated that he had applied said purchase-money as follows: To first mortgage of William Weightman, the sum of $16,036.31, and the balance of said proceeds of sale, after paying certain specific liens and the costs, to wit, $24,988.49, upon a second mortgage of said William Weightman.   By this application a number of liens upon the real estate sold, intervening between the said two mortgages of William Weightman, did not receive any of the proceeds of said sale.

In an opinion, the court, Mayer, P. J., inter alia, said :

" The Act of 20th of April 1846 provides, ' that whenever the purchaser or purchasers of real estate; at Orphans' Court or sheriff's sale, shall appear from the record to be entitled, as a lien-creditor, to receive the whole or any portion of the proceeds of said sale, it shall be the duty of the sheriff, administrator, executor or other person making such sale, to receive the receipt of such purchaser

[In re Bastian.]

or purchasers for the amount which he or they would appear, from the record aforesaid, to be entitled to receive, &c.

" ' It shall be the duty of the said sheriff, in all cases where he shall receive the receipt of the purchaser as aforesaid, to state the fact in the return of the proceedings of said sale, and attach thereto a list of the liens upon the property sold, which said return shall be read in open court on some day during the term, to be fixed by the order of court ; and if the right of said purchaser or purchasers shall be questioned or disputed by any person interested, the court shall thereupon appoint an auditor, who, after due notice given to the persons interested, in such manner as the court may direct, shall make a report distributing the proceeds of such sale, with the facts and reasons upon which such distribution is made, or to direct an issue to determine the validity of said lien, and all further proceedings shall be stayed until the said issue shall be decided.' It is not pretended that the sheriff complied with the requirements of this Act of Assembly. The writ was not read in open court at a time fixed by the court, and the other lien-creditors had no opportunity to contest the right of Mr. Weightman to receive said deed and have the money applied to his liens, to the exclusion of the intervening lien-creditors. The deed was acknowledged in court, regardless of the duty imposed by this act upon the sheriff, and the other lien-creditors had a right to suppose that the sheriff had in his hands the money arising from said sale, applicable to their judgments. Whether a want of compliance by the sheriff with the requirements of the statute will affect the title of the purchaser, is is not necessary now to consider and determine. That the sheriff has been derelict in his duty cannot be controverted. Had the sheriff read in open court his return, and attached thereto a list of the liens upon the property sold, as was his duty, it would have appeared that there were intervening liens upon the property sold entitled to the fund realized from the sale, which had priority over the second mortgage of Weightman. The Act of April 20th 1846, is imperative : ' It shall be the duty of the sheriff.' Having neglected to comply with the positive requirements of this Act of Assembly, the sheriff is answerable to the process of this court for his neglect in this particular, and as the lien-creditors of said Peter Herdic, who have judgments intervening between the first and second mortgage of said Weightman, have had no opportunity to contest the right of said Weightman to have the entire proceedings of said sale applied upon his liens, and as it is not disputed that there are intervening liens upon the property sold, between said two mortgages, and these lien-creditors claim that they are entitled to be paid from the proceeds of said sale, it is ordered that the sheriff pay into court, within ten days from notice of this order, a sufficient amount of the proceeds of said sale to cover the debt, interest and costs of the judgments that inter-

[In re Bastian.]

vene between the two mortgages of the said Weightman, and an auditor is hereby appointed to distribute said fund, when paid into court, together with the fund already paid into court which arose from said sale. The sheriff cannot shield himself behind the return made to said writ No. 155, September Term 1878. He has failed to discharge a duty imposed upon him by the statute, and it is our duty to enforce a compliance. Upon a failure to comply with this order, an attachment is directed to issue against the sheriff."

Bastian took this writ, and alleged that the court erred, 1. In granting a rule on the sheriff to return his writ and pay into court the money arising from the sale of the real estate of Herdic. 2. In granting the rule to show cause why an attachment should not issue against said sheriff for contempt in not answering the foregoing rule. 3. In deciding that the return was made under the provisions of the Act of April 20th 1846. 4. In making the order to bring so much of the proceeds of said sale into court to cover the intervening judgments under penalty of attachment. 5. In not discharging the rule for an attachment.

*R. P. Allen* and *John J. Metzgar*, for plaintiff in error.—The sheriff had the right to make the return. A sheriff may himself distribute the proceeds of a sale on execution, but at his own risk: Wateman *v.* Conyngham, 1 Pet. C. C. 243 ; Mather *v.* McMichael, 1 Harris 303.

The rule granted on the 3d of March was, in effect, one for an attachment against the sheriff if he refused to alter his return when it was impossible for him to do it. A sheriff is responsible for his return, and the court cannot compel him to alter it : Vastin *v.* Fury, 2. S. & R. 431 ; Sawyer *v.* Curtis, 2 Ash. 127.

The several parcels of property were all mortgaged to William Weightman, and were respectively sold on judgments entered and recovered on bonds secured by the respective mortgages. The sales thus made would divest the liens of the respective mortgages, and the judgments would take the proceeds of the sales of the respective properties by virtue of the liens of the mortgages : McCall *v.* Lennox, 9 S. & R. 303 ; Donley *v.* Hays, 17 Id. 400 ; Cronister *v.* Weise, 8 Watts 215 ; Bank *v.* Chester, 1 Jones 282.

The rights of Weightman were secured at the time when he recorded his mortgage. He then knew what other property Herdic owned upon which the judgments then entered against him were a lien, and if the value of this other real estate was sufficient to secure these judgments then against him, Weightman was safe in loaning his money and taking the mortgages as security, at least so far as related to the prior general liens, and no subsequent lien-creditor could interfere with this right : Miller *v.* Jacobs, 3 Watts 477 ; McDevitt & Hays's Appeal, 20 P. F. Smith 377. See also Aldrick *v.*

[In re Bastian.]

Cooper, 2 L. C. in Equity 198, note, page 218. Hence we contend that the return of the sheriff as made was in accordance with the law of the case.

There is nothing in the return of the sheriff to indicate it was made under the Act of 1846. The return, on the contrary, shows on its face that not one of the purchasers could have demanded of the sheriff to have made a special return under said act.

*W. H. Armstrong, H. C. Parsons, J. O. Parker* and *H. T. Ames*, for lien-creditors.—It may be admitted, as argued, that the court cannot compel the sheriff to alter his return as to matter of fact. He has made the money and refused to obey the exigency of his writ by producing it to the court. No matter touching the execution of his writ is in question, but only the law of distribution. The sheriff has usurped the function of the court. He is not responsible. It is not pretended that he could personally respond to the amount of this misappropriation, if it should be held to have been erroneous. Nor is he relieved by the amount of his bail, which is only $10,000. The controversy has relation, not only to the practice, but to the power of the court. If the act of the sheriff is beyond control, and the party must look only, as contended here, to the personal responsibility of the sheriff and his bail, it opens wide avenues of fraud, and restricts the court in the control of its executive officer, and in that function of its power which is of its largest and most frequent exercise, and liable beyond all others, to abuse by subordinate officers.

It is not deemed necessary to comment upon the Act of April 20th 1846, known as the Lien-Creditor Act. The appellant admits that the proceeding is not within it, and yet it is evident that the application was made to the several mortgage-debts as returned upon the ground, and upon that only, that they were first liens, and that by reason of it the purchaser was not obliged to pay his bid, and the sheriff was authorized by law to award the money to his liens.

Mr. Justice PAXSON delivered the opinion of the court, June 23d 1879.

This cause, though spread over a large surface, presents but a single question, and one not difficult of solution. The proceeding in the court below was a rule upon the sheriff to show cause why he should not be attached, as for a contempt, in not paying into court the proceeds of the sale of certain real estate, sold by him as the property of Peter Herdic, under an execution issued out of the Common Pleas of Lycoming county, No. 155, September Term 1878, for the sum of $46,425. To the rule for an attachment, the sheriff answered substantially, that he had prepared and completed his return to said writ about the first day of September 1878,

[In re Bastian.]

although, by inadvertence, it was not actually filed in the prothonotary's office until the 29th of November following, when, at the same time, he paid into the hands of the prothonotary the sum of $3690.75, being the balance remaining undistributed; that the rest of the money made upon said execution had been applied to the liens entitled to the same; that the deeds to the purchasers of the respective properties were made and acknowledged at September term of the court, prior to the issuing of any rule upon the sheriff, and without objection on the part of creditors or any other persons. No notice was given to, or rule taken upon, the sheriff to pay the money into court until the 19th day of November 1877, at the term of the court next after the sale. The sheriff having declined to pay in the money for the reason that he had already applied it to the liens entitled, as he avers, to the same, the court below made absolute the rule for an attachment, which order is assigned for error.

The real cause of controversy is, that the sheriff applied the sum of $24,988.44 to the mortgage of William Weightman, of date of 16th May 1876, when there were sufficient prior judgments to have absorbed the whole of it. But these prior judgments, as we gather from the record, were liens upon other real estate amply sufficient to protect them. In fact, the same had been already sold upon proceedings issued out of the United States Circuit Court, and a fund raised thereby ample to pay said judgments awaiting distribution in that court. We do not propose to discuss here the question of the legality of the distribution made by the sheriff. He has taken the responsibility, and is liable to a suit on the part of the disappointed creditors. It will be a sufficient answer to such suits to show that he has applied the money as the law would apply it. If he has not, he is liable upon his official bond. That a sheriff may, in the absence of any notice or rule to pay the money into court, apply it to the liens, is well settled. He does so, however, upon his own responsibility, and is responsible on his official bond for any mistakes. The rule is correctly stated in Mather *v.* McMichael, 1 Harris 302. "He (the sheriff) may, if he will, pay the money into court according to the command of his writ, and where ignorance or doubt exists, or controversy is threatened, his safety lies in this course. Because of the expense and delay attendant upon it, this ought not to be done where the officer sees his way clear; yet, if he choose to undertake distribution, it is, unquestionably, on his own responsibility." We need not multiply authorities upon so plain a proposition. When parties are not satisfied for the sheriff to make distribution, they can always prevent it by a proper application to the court in seasonable time. But it comes too late when made long after the return-day of the writ, and after the sheriff has, in good faith, applied the money to the liens.

[In re Bastian.]

The learned judge of the court below, based his ruling, to some extent, upon the fact that the sheriff has failed to comply with the Lien Creditors' Act of 20th of April 1846, which provides for a special return in cases where a lien-creditor is the purchaser at a sheriff's sale. An examination of the return in this case, shows that it was not, and could not properly have been made under this act. William Weightman, the mortgage-creditor, to whose mortgage the fund was applied, bought a number of tracts of unseated land, and paid the money therefor to the sheriff. The remaining properties, and by far the most valuable, were purchased by R. J. C. Walker, J. W. Maynard and others. This position was practically abandoned upon the argument.

The order of the court below, of March 8th 1879, directing the sheriff to pay into court, within ten days, a sufficient amount to cover judgments and costs that intervene between the two mortgages of William Weightman; and further directing an attachment to issue against said sheriff upon his failure to comply with said order, is reversed and set aside, at the costs of the creditors, upon whose behalf said order was made.