# Franklin Township, to use of Thomas Norton, *versus* Osler.

1. A sheriff is not liable to an attachment as for a contempt in not paying into court the money made upon an execution levied upon real estate, where he has in good faith, after the return day and without notice of any opposing claim, applied the money to the liens. In re Bastian, 9 Norris 472, followed.

2. The Act of April 20th 1846, which provides for a special return where a lien-creditor becomes the purchaser at a sheriff's sale, does not compel the sheriff to make a return unless required to do so by the purchaser, and before said purchaser shall receive the benefit of the act he must produce to the sheriff from the record a certified statement of the liens, showing that he is a lien-creditor.

3. In the absence of notice to the contrary the sheriff has a right to distribute the proceeds of his sale ; but he does so at his own risk.   An attachment for contempt, however, is not included in such risk ; it is only his official bond that is in peril, and he is liable thereon if he has misapplied the money.

4. A rule was granted on the sheriff to pay the money into court.   This rule was made absolute, and the sheriff took a writ of certiorari.   *Held,* that in strict practice, this writ should not have issued until after an order by the court below directing an attachment to issue against the sheriff.

June 24th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   WOODWARD, J., absent.

Certiorari to the Court of Common Pleas of *Sullivan county :* Of May Term 1879, No. 90.

Appeal of John Utz, sheriff of Sullivan County, from an order of the Court of Common Pleas of said county, ordering him to pay into court the proceeds of the sale of the real estate of John Osler, which said sheriff had distributed.

On May 27th 1878, W. T. Davies held a judgment against Osler, entered in the Court of Common Pleas of Sullivan county, for $292.37, with interest from October 9th 1877, and costs.   This judgment was a lien upon real estate of the value of $1500. Franklin township held a judgment, entered December 22d 1874, which had been marked satisfied.   Of this judgment Davies had no knowledge.   Previous to the sale he examined the judgment docket and found no unsatisfied liens prior to his own.   The sale took place May 27th 1878, Mr. Davies bidding only enough to cover his judgment.   On May 22d 1878, the prothonotary had made out a certified statement of liens for L. M. Bowman, the plaintiff in

[Franklin Township *v.* Osler.]

the judgment, on which the land was subsequently sold, whereby it was shown that the judgment of W. T. Davies was the first, and that of N. C. Johnson, the second lien. This statement the sheriff had seen before the sale. The purchaser paid his bid, and the sheriff having examined the judgment docket, and finding that the judgment of Mr. Davies was a first lien, paid him the amount of it from the proceeds of the sale, and returned his writ accordingly. Afterwards the prothonotary, who it was alleged had marked the judgment of Franklin township "satisfied" by mistake, erased the word satisfied. July 2d 1878, Franklin township, by its attorney, made an affidavit alleging that the money of right belonged to them, and July 9th 1878, obtained a rule on the sheriff to pay the money into court. This rule was served August 12th, which was the first notice the sheriff had of any claim made by Franklin township to the proceeds of the sale. This rule was afterwards made absolute, by the court, Ingham, P. J., and from this order the sheriff took this appeal.

*Davies & Carnochan* and *Dunham*, for appellant.—By the record in this case the money had been paid out by the sheriff, prior to the application for the rule—the money was not in his possession. Therefore, the remedy of any party aggrieved was by an action for wrongfully paying out the money; not by this summary proceeding for contempt. The sheriff is not bound to go beyond the judgment docket in making distribution: Mann's Appeal, 1 Barr 24; 1 T. & H. Pract., part 2, p. 627.

The parties have a complete remedy against the prothonotary or sheriff. The latter could only find relief by taking this appeal. While the Act of April 20th 1846, Pamph. L. 411, Purd. Dig. 655, contemplates the payment of liens for the benefit of the purchaser, it requires the purchaser to bring a statement of the liens to the sheriff. The sheriff did not commit a blunder. If there was one committed it was by the prothonotary in marking the judgment satisfied. This case is analogous to Mann's Appeal, 1 Barr 24. It is not contradicting the record to show its actual state at the time when the rights of parties attached.

*Ellery P. Ingham*, contra.—This appeal is only from an interlocutory order.

[SHARSWOOD, C. J.—"There is no appeal; it is a certiorari, and the record having been brought up thereby, we can review the same. The question is, can the sheriff be attached?"]

When the sheriff pays out money without invoking the aid of the court or the Act of 1846, he does so at his own risk, and the money is in his hands by construction of law. When a creditor sees his judgment properly entered his responsibility ceases: Coyne

*v.* Souther, 11 P. F. Smith 458.    The record cannot be impeached by parol.

The sheriff did not ask the prothonotary for a list of the liens, he did not even ask him which judgment was entitled to the money, but paid it out on his own responsibility—doing this it was at his own risk, and he is liable for the consequences : McDonald *v.* Todd, 1 Grant 18; Williams's Appeal, 9 Barr 267; Mather *v.* McMichael, 1 Harris 303.

Mr. Justice PAXSON delivered the opinion of the court, October 6th 1879.

The question presented by this record was decided at the last term in the Middle District, in the case of the rule upon John S. Bastian, sheriff of Lycoming county (9 Norris 472).    It was there held that a sheriff was not liable to an attachment as for a contempt in not paying into court the money made upon an execution levied upon real estate, where he had in good faith, after the return day, and without notice of any opposing claim, applied the money to the liens.    That is precisely this case.    The court below, however, held that the sheriff neglected his duty in not complying with the Act of 20th of April 1846, Purdon 655, Pamph. L. 411, providing for a special return where a lien-creditor becomes the purchaser at a sheriff's sale.    But that act was intended, as plainly appears upon its face, for the benefit of the purchaser who shall be at the same time a lien-creditor.    It enables him to obtain a credit upon his lien to the extent thereof instead of paying the amount in cash.    That the sheriff is not bound to make a return under this act unless required to do so by the purchaser is palpable from its proviso, which reads: "And provided further, That before any purchaser or purchasers shall receive the benefit of this section, he or they shall produce to the sheriff or other person so making said sale, a duly certified statement from the proper records, under the hand and official seal of the proper officer, showing that he is a lien-creditor, entitled to receive any part of the proceeds of the sale as aforesaid."    Here the real estate was sold for $450, and purchased by N. C. Johnson, a lien-creditor.    It is not alleged that he produced a certified copy of the liens to the sheriff, and demanded a special return under the Act of 1846.    He makes no complaint of the absence of such a return, and no one else has a right to do so.    The sheriff applied the fund first, to the payment of the costs $56.30 ; to the judgment of W. T. Davies, $305.23, and the balance, $88.77, to the judgment held by the purchaser.    It now appears that a judgment in favor of Franklin township for $700, was prior to either of the above judgments and unsatisfied, though at the time of the distribution it was erroneously marked satisfied as is alleged, and therefore did not appear on the searches procured by the sheriff.    The rule upon the sheriff was not taken

[Franklin Township *v.* Osler.]

until some weeks after he had distributed the money, and after the term of court had passed to which the process was returnable. Under such circumstances he is not liable to attachment in not paying the money into court. In the absence of notice to the contrary, he had a right to distribute the money. He does so, however, at his own risk. But an attachment for contempt is not included in such risk. It is only his official bond that is in peril. He is liable upon that, if he has misapplied the money. We need not pursue the subject further: It was sufficiently discussed in the case above cited.

In strict practice, this writ should not have been taken until an order in the court below, directing an attachment to issue against the sheriff. As the case is here, and the principle has been heretofore ruled, we have concluded to decide the case as the record stands.

> The order of the court below making absolute the rule upon the sheriff to pay the money into court, is reversed at the costs of the township of Franklin.