# Dowd, Appellant, *v.* Crow.

*Contract—Parol contemporaneous agreement—Parties—Mechanic's lien—Mortgage—Sheriff.*

Where a trust company agrees to advance money on first mortgage to a contractor for a building operation, but stipulates for a release of liens from subcontractors, and the contractor secures an unconditional release from certain of the subcontractors, one of the subcontractors cannot allege that he was induced to sign the paper by a parol contemporaneous agreement that the paper should not be binding unless all subcontractors signed it, where there is nothing to show that the contractor in securing the paper was acting for the trust company, or that he had been authorized by it to say anything at all to the subcontractor, but all the evidence tends to show that the contractor was acting for himself.

In such a case where the subcontractor has placed the paper in the hands of the contractor, and subsequently the sheriff in reliance upon the paper makes a distribution of the proceeds of sheriff's sale, the subcontractor cannot complain, but is bound by the rule that " where one of two innocent persons is to suffer from the tortious act of the third, he who gave the aggressor the means of doing the wrong must alone bear the' consequences of the act."

*Sheriff—Trespass—Distribution of proceeds of sheriff's sale.*

In an action of trespass against the sheriff for a wrongful distribution of the proceeds of a sheriff's sale, the burden is upon the plaintiff to make out his case by showing, not only that he had a lien against the property sold, but that he had a right to participate in the proceeds, and that the sheriff had paid the money to others who were not entitled to receive it.

A person charged with wrongdoing is not called upon to prove anything until his adversary charging the tort has first proved it.

Argued Jan. 12, 1903. Appeal, No. 86, Jan. T., 1903, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1897, No. 945, on verdict for defendant in case of Patrick Dowd *v.* Alexander Crow, Jr. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for wrongful distribution of the proceeds of sheriff's sale. Before McCARTHY, J.

The facts are stated in the opinion of the Supreme Court.

At the trial binding instructions were given for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*W. S. Roney*, with him *Joseph A. Robbins*, for appellant.—
When the sheriff neglected to pay the fund into court he took
the risk of making an improper distribution, and is bound, in a
suit against him, to prove the validity of every claim he has
paid: Luce v. Snively, 4 Watts, 396; Bastian's Case, 90 Pa.
472; Franklin Twp. v. Osler, 91 Pa. 160.

By the act of filing his mechanic's claim the plaintiff had
given notice to all the world of the existence of his lien: Harbach v. Kurth, 131 Pa. 177; Armstrong v. Hallowell, 35 Pa.
485; Mather v. McMichael, 13 Pa. 301; Com. v. Contner, 18
Pa. 439; Forsyth v. Dickson, 1 Grant, 26; Safe Dep. & Trust
Co. v. Columbia Iron & Steel Co., 176 Pa. 536.

There being, then, no other lien proved against the balance
in the sheriff's hands after the payment of the judgments sur
mortgage with interest and costs and taxes, the plaintiff was entitled, if the jury believed the testimony as to the work done and
its value, to a verdict for the amount of his claim in each of the
twelve cases, if the balance in each case equaled that amount:
Fisher v. Monongahela C. Ry. Co., 131 Pa. 292.

The agreement executed by the plaintiff was not binding
upon him: Donnelly v. Rafferty, 172 Pa. 587; Fertig v. Bucher, 3 Pa. 308; Greenawalt v. Kohne, 85 Pa. 369; Thomas v.
Loose, 114 Pa. 35; Ferguson v. Rafferty, 128 Pa. 337; Krider
v. Lafferty, 1 Wh. 303.

*Frank P. Pritchard*, with him *Malcolm G. Campbell* and
*John G. Johnson*, for appellee.—There was no evidence sufficient to have justified the court in submitting to the jury the
question whether the written agreement signed by the plaintiff
and delivered by the contractor to the Integrity Title, Insurance, Trust & Safe Deposit Company was signed with an
understanding or condition on the part of the Integrity Title,
Insurance, Trust & Safe Deposit Company that it should not
be binding unless every person who subsequently did work or
filed a lien joined in it: Schroeder v. Waters, 173 Pa. 422;
Bank of Kentucky v. Schuylkill Bank, 1 Parsons's Eq. 180, 248;
Penna. R. R. Co.'s App., 86 Pa. 80

Assuming that the written agreement was binding upon the plaintiff, no additional proof was required on the part of the defendant as to the existence and order of liens in order to support a direction by the court to the jury to find a verdict in defendant's favor: Franklin Twp. v. Osler, 91 Pa. 160.

OPINION BY MR. JUSTICE BROWN, March 23, 1903:

This is a suit against the sheriff of Philadelphia county for damages which the appellant alleges he sustained by that officer's wrongful distribution of the proceeds of the sale of certain real estate. His claim is that of a mechanic's lien creditor, and he claims that his lien ought to have been paid out of the proceeds of the sheriff's sale. The sheriff, in the absence of any notice to the contrary, made the distribution himself, as was his right, without paying the money into court; but he, of course, did so at his own risk : Franklin Township v. Osler, 91 Pa. 160. In the distribution the claim of the appellant was ignored, because, with a number of other subcontractors, he had entered into a written agreement with the Integrity Title, Insurance, Trust and Safe Deposit Company, in consideration of its promise to advance $20,000 to the contractor, that they would not file any liens or claims which would affect the first mortgages given to secure the said company for its advancement. The fund produced by the sale was insufficient to pay these first mortgages and other mechanic's lien creditors who had not waived their right to file liens, and the sheriff distributed the money, first, to those mechanic's lien creditors who had not waived their rights, and the balance proportionately to the mortgages, the proceeds being insufficient to pay them in full.

To avoid the effect of his agreement not to file a mechanic's lien, the appellant undertook to prove that it had been executed under a cotemporaneous parol agreement, which was the inducement to him and the others to sign it, that it should not go into effect unless all persons entitled to file mechanics' liens should sign it, and that, all such persons not having signed it, it was inoperative. Without passing upon the sufficiency of his proof to establish the alleged parol agreement, it is clear he was bound by the written one, because there was no proof that the oral one had been made with the Integrity Title, Insurance, Trust and Safe Deposit Company. True, the offer was to show that the

appellant was induced to sign the agreement, and did sign it, "on the understanding, on the part of the Integrity Title, Insurance, Trust and Safe Deposit Company, and its agent, that it should not be binding unless all the lien creditors assented to it;" but the proof submitted was otherwise. Franz Hoppe, the witness called to sustain the parol agreement, was the contractor who undertook the construction of the houses against which the mechanic's lien was filed by the appellant. He testified that he was to build thirteen houses, and that the Integrity Title, Insurance, Trust and Safe Deposit Company had agreed to advance to him $20,000 on first mortgages, but that, having heard its security might be affected by mechanics' liens, it demanded from him as additional security an agreement that their first mortgages should not be affected by such liens, and required the one upon which the appellee now relies. The company demanded it from Hoppe, and, that he might get the money promised to him, without which he could not have gone on, he went to the different subcontractors and asked them to sign the agreement, telling them that, if they did not all sign it, it would amount to nothing. It is clear he was acting only for himself, to enable him to get the money which the trust company had agreed to give him. When asked for whom he was acting, he did not say it was for the trust company, but answered, "Thirteen houses were to be built, and the Integrity Trust Company was to advance $20,000 on first mortgages, and a ten-thousand dollar bond was given by us to the Integrity Trust Company for the completion of the houses. Afterwards there was a complaint that their security was affected by some liens filed on previously built houses. They demanded as additional security that their first mortgages should not be affected by mechanics' liens, and they demanded the signing of this agreement." He does not say he was acting for the trust company, or that he had been authorized by it to say anything at all to the subcontractors. He simply states that the company demanded the agreement; and he procured it for his own purposes, as just stated. On its face it is absolute and unconditional. There is nothing in it which could possibly have indicated to the company that, when it was signed by the different subcontractors, any condition had accompanied their execution of it; nor was there any reason why the company should not

have regarded it as having been executed by all of the subcontractors, for it is a paper purporting in its first lines to have been signed by those who had " agreed to furnish the material and to do the work in the erection and construction " of the buildings. It was placed in Hoppe's hands by those who had signed it for the express purpose of enabling him to procure money from the company, and, in the face of his absolute agreement not to file a lien, the plaintiff cannot now be heard to say he is not bound by it in this suit against a public officer who acted upon it by paying the very parties it was intended to protect. If any wrong has resulted to the appellant, he made it possible by allowing Hoppe to make an improper use of the paper, if such use was made of it. " The true doctrine on this subject is," as was said in Pennsylvania Railroad Company's Appeal, 86 Pa. 80, " that, where one of two innocent persons is to suffer from the tortious act of a third, he who gave the aggressor the means of doing the wrong must alone bear the consequences of the act." The jury were properly instructed that the agreement was valid and could be enforced against this plaintiff.

But, even if the appellant could avoid the effect of his agreement, he failed to make out a case in the court below entitling him to recover. The action was originally in assumpsit, but, on the trial, was changed to trespass against the sheriff for a wrongful distribution—in other words, for negligence in the discharge of an official duty. In support of his claim that the distribution was improper and that he ought to have been paid, the plaintiff proved nothing more than that certain properties, against which he had filed an apportioned lien, had been sold by the sheriff, and the proceeds had been distributed by that officer among certain other lien creditors, to the exclusion of himself. His position, as we understand it, is, that because he proved he had filed a lien against the properties sold, he had made out a prima facie case, and the burden was then upon the sheriff to show that the distribution had been properly made. That officer was not called upon to prove anything until the plaintiff had proved what he had charged in his statement as his cause of action. It was that the sheriff had not regarded his duty and had not paid to the plaintiff a portion of the proceeds of the sale, but, on the contrary, had paid the same to persons who

were not entitled thereto.   The complaint is not that the officer had made distribution, but that he had made an improper one. There was no presumption that it was improper, and, in this action brought against the sheriff for his alleged tort, the rule is, as in all such cases, that the person charged with the wrongdoing is not called upon to prove anything until his adversary charging the tort has first proved it.   The burden was upon the plaintiff to make out his case by showing, not only that he had a lien against the property sold, but that he had a right to participate in the proceeds, and that the sheriff had paid the money to others who were not entitled to receive it.   In the absence of any evidence that an improper distribution had been made and that the lien creditors who were paid should not have received the money, this plaintiff could not have recovered, even if his agreement not to file his lien had not been in his way.

Judgment affirmed.