## Knoell, Appellant, v. Carey, Sheriff.

*Sheriff's sale—Real estate—Distribution—Priorities—Liens— Burden of proof.*

1. As far as purchasers at a sheriff's sale of real estate are concerned, the dates disclosed by the record determine the rights of the respective parties, but, as between distributees, the true facts can be proved in a proper proceeding.

2. The sheriff, without paying the money into court or resorting to an auditor, may distribute the fund at his personal risk, but, if he makes an error, he is liable on his bond.

3. If any party disputes the distribution as improper the burden is on him to show that he had a claim on the fund and that the distribution was erroneous.

*Appeals—Affidavit of defense—Refusal of judgment.*

4. On appeal from a refusal to enter a summary judgment because of an alleged insufficiency of an affidavit of defense, the appellate court will not interfere unless the material facts are undisputed and there has been a failure to properly apply the relevant legal principles.

Argued January 5, 1926. Appeal, No. 360, Jan. T., 1925, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. T., 1924, No. 6964, discharging rule for judgment for want of a sufficient affidavit of defense, in case of John Knoell v. James A. Carey, Sheriff. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit against sheriff.

Rule for judgment for want of a sufficient affidavit of defense. Before MONAGHAN, J.

The opinion of the Supreme Court states the facts.
Rule discharged. Plaintiff appealed.

*Error assigned* was order, quoting bill of exceptions.

*A. Wernick,* of *Evans & Wernick,* for appellant.—A mechanic's lien is a claim only and its averments and dates establish nothing: Norris's App., 30 Pa. 122; McCay's App., 37 Pa. 125; Safe Deposit Co. v. Iron & Steel Co., 176 Pa. 536; Andrews v. Lumber Co., 161 Pa. 204; Prudential Trust Co. v. Hildebrand, 34 Pa. Superior Ct. 249; Drake v. Stout, 282 Pa. 223.

The sheriff cannot show in such a case that the mechanic's lien claim is good: Com. v. Walter, 99 Pa. 181; Zantzinger v. Old, 2 Dall. 265; Franklin Twp. v. Osler, 91 Pa. 160; McMichael v. Mason, 13 Pa. 214; Carrier v. Esbaugh, 70 Pa. 239.

*Theodore F. Jenkins,* with him *Claude L. Roth,* for appellee.—There is abundant authority to show that the rule for judgment should have been discharged: Hahn's App., 39 Pa. 409; Dowd v. Crow, 205 Pa. 214; Nolt v. Crow, 22 Pa. Superior Ct. 113; Helfenstein v. Coal Co., 284 Pa. 78; Thirsk v. Evans, 211 Pa. 239; Murphy v. Bear, 240 Pa. 448; Vansciver v. Churchill, 35 Pa. Superior Ct. 212.

OPINION BY MR. JUSTICE SADLER, March 15, 1926:

Charles Stout, the owner of a certain building in the City of Philadelphia, executed, on May 8, 1922, a mortgage on these premises, which was duly recorded. On February 21, 1923, John Knoell, present plaintiff, entered two judgments, amounting to $10,000, against the mortgagor. Eighteen days thereafter, Harry Drake filed a mechanic's lien covering the same property, claiming that the work, for which payment was due, had actually begun on April 24, 1922. Foreclosure proceedings were had later, and the property was sold. Before

distribution of the proceeds by the sheriff, notice of the claim of Knoell, based on his two judgments, was given. He also instituted a proceeding to set aside the mechanic's lien entered by Drake. The order prayed for was refused, and, on appeal, the decree entered was affirmed for several reasons, which are set forth in the opinion filed in that case: Drake v. Stout, 282 Pa. 223.

Notwithstanding the notice to the sheriff of the intended contest of Drake's right to participate in the fund, a distribution was made, appropriating the money in hand to the payment of the first mortgage and other claims, including the mechanic's lien referred to, leaving but a small sum applicable to the Knoell judgments. An action of assumpsit was then brought against the sheriff by the present appellant to recover the full amount of his claim, less the portion awarded to him. The affidavit of defense admitted distribution as averred, but insisted upon the legality of the appropriation made, it being averred that the mechanic's lien, paid in full, was entitled to priority, since it must be considered as a lien from the time of the commencement of the work on the building, to wit, April 24, 1922, a date prior to the entry of the judgments. A rule for judgment for want of a sufficient affidavit of defense was discharged, and, from this order of the learned court below, the present appeal is taken.

The sale on the first mortgage divested all liens, and the creditors were relegated to the fund raised for the satisfaction of their respective claims: Rosenberg v. Cupersmith, 240 Pa. 162. In so far as purchasers at the sale are concerned, the dates disclosed by the record undoubtedly control in determining the rights of the respective parties (Eckels v. Stuart, 212 Pa. 161; Nolt v. Crow, 22 Pa. Superior Ct. 113), and, in the instant case, the priority of the mechanic's lien was indicated. As between distributees, however, the true facts can be proved in a proper proceeding. The fund having been received by the sheriff, it was his duty to make distri-

bution in accordance with the certificates showing the order of those entitled to share, and the amounts due to each. For protection, in case of doubt or dispute, he could, of course, pay the fund into court, by which it would be awarded, or the allotment might be through the medium of an auditor, the course usually pursued: Com. v. Walter, 99 Pa. 181. If neither of the suggested courses is followed, the sheriff may himself distribute at his personal risk, and, for errors occurring, he, or his official bondsman, becomes liable, in an appropriate action, to those injured: Franklin Twp. v. Osler, 91 Pa. 160; Bastian's Case, 90 Pa. 472. He was not required, however, to force the parties into litigation so that their respective rights might be determined, but had the power to divide the fund in his custody as seemed to him proper, assuming, however, the chance of mistake.

"There [is] no presumption that [the distribution is] improper, and, in [an] action brought against the sheriff for his alleged tort the rule is, as in all cases, that the person charged with the wrongdoing is not called upon to prove anything until his adversary charging the tort has first proved it. The burden [is] upon the plaintiff to make out his case by showing, not only that he had the lien against the property sold, but that he had a right to participate in the proceeds, and that the sheriff had paid the money to others who were not entitled to receive it": Dowd v. Crow, 205 Pa. 214, 219.

In the present case, defendant's affidavit of defense distinctly averred the lien to be a valid claim, and sets forth that the date of the commencement of the building, appearing therein, was correct, and antedated the time of the entry of the judgments in question, thus raising an essential question of fact, which, if true, justified the sheriff in the distribution made. If the mechanic's lien was regular, and the work was begun as alleged, it was entitled to priority in payment over the judgments of record owned by the present appellant. The burden is on the plaintiff to show the true facts to have been other-

wise than set forth in the claim, if his contention is to be sustained.

It may be observed further that this appeal was from a refusal to enter summary judgment, because of an alleged insufficiency of the affidavit of defense filed. This court will not interfere in such cases unless the material facts are undisputed, and there has been a failure to properly apply the relevant legal principles: Federal Sales Co. v. Farrell, 264 Pa. 149, 153; Helfenstein v. Coal Co., 284 Pa. 78. No such situation appears here.

The order of the court below is affirmed.