## Kanofsky, Appellant *v.* Carey.

*Sheriff's sale—Real estate—Distribution—Priorities—Liens—Burden of proof—Mechanics' lien—Mechanics' Lien Act of 1901—Amendments.*

In an action of trespass against a sheriff for an improper distribution of the proceeds of a sheriff's sale, the burden is upon the plaintiff to make out his case by showing, not only that he had a lien against the property sold, but that he had a right to participate in the proceeds, and that the sheriff had paid the money to others who are not entitled to receive it.

In such an action it appeared that real estate belonging to a husband and wife by entireties was sold on a first mortgage. It also appeared that the plaintiff was the holder of a second mortgage executed by the husband and wife after the commencement of

422, (1926).]        Syllabus—Assignment of Error.

work for which a Mechanics' lien was filed. It further appeared
that the Mechanics' lien, which was originally filed against the
husband alone, was amended within six months of the completion
of the work by adding the wife's name as an owner. The sheriff
satisfied the Mechanics' lien creditor out of the fund remaining
in his hands after the discharge of the first mortgage and paid the
balance of the fund to the plaintiff.

Under such circumstances there was no error in making the
distribution and a verdict for the defendant will be sustained.

The sheriff, without paying the money into court, may dis-
tribute the fund in his custody, but he thereby assumes the risk
of liability for any mistake.

As far as purchasers at a sheriff's sale of real estate are con-
cerned, the dates disclosed by the record control in determining the
rights of the respective parties, but, as between distributees, the
true facts can be proved in a proper proceeding.

A person charged with wrongdoing is not called upon to prove
anything until his adversary charging the tort has first proved it.

Under the provision of section 51 of the Mechanics' Lien Act of
1901, P. L. 431, any claim may be amended from time to time by
agreement of the parties or by leave of the Court upon petition for
that purpose, under oath or affirmation, setting forth the amendment
desired. An amendment substituting a wholly different defendant
may be filed before the time for filing the lien has expired.

Argued October 14, 1926.   Appeal No. 145, October
T., 1926, by plaintiff, from judgment of C. P. No. 1,
Philadelphia County, June T., 1925, No. 6387, in the
case of Morris Kanofsky v. James A. Carey, Sheriff
of Philadelphia County. Before PORTER, P. J., HENDER-
SON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.
Affirmed.

Trespass to recover damages for an alleged im-
proper distribution of the proceeds of a Sheriff's sale.
Before BARTLETT, P. J., without a jury.

The facts are stated in the opinion of the Superior
Court.

The Court found in favor of the defendant and
entered judgment thereon. Plaintiff appealed.

*Error assigned,* was the order of the court.

*Marc Billett,* for appellant.—The amendment was improper: Schively v. Radell, 227 Pa. 434; O'Kane v. Murray, 252 Pa. 60; Westmoreland Guaranty B. & L. Association v. Connor, 216 Pa. 543; Weaver v. Sheeler, 118 Pa. 634, 124 Pa. 473.

*Theodore F. Jenkins,* and with him *Claude L. Roth,* for appellee, cited: Dowd v. Crow, 205 Pa. 214; Knoell v. Carey, 285 Pa. 498; Yearsley v. Flanigan, 22 Pa. 489.

OPINION BY PORTER, P. J., December 10, 1926:

The plaintiff brought this action of trespass against the sheriff of Philadelphia County to recover damages for an alleged wrongful distribution of the proceeds of a sale by the sheriff of real estate. The title to the real estate was vested in Paul Martin Wallace and Celia J. Wallace, his wife, who on September 12, 1924, executed and delivered to this plaintiff a bond and mortgage for $1500, which on the same day was duly recorded. The property was sold by the sheriff on April 6, 1925 under proceedings upon a mortgage, the lien of which was prior to that of this plaintiff, and the sum realized by the sale was more than sufficient to pay the first mortgage. Before the distribution of the fund in the sheriff's hands the plaintiff made demand on the sheriff for the payment to him upon his mortgage of the balance of the fund remaining after the discharge of the claim of the first mortgage. The sheriff paid out of the fund the sum of $903.75 to Livingston, a mechanics' lien creditor, leaving a balance in the sheriff's hands of only $336.28 which was paid to this plaintiff. The plaintiff subsequently brought this action averring that the sheriff carelessly and negligently paid the claim of the mechanics' lien creditor, "although no scire facias had been issued or the claim reduced to judgment."

The sheriff might, for his own protection, have paid the fund into court, by which it would have been

awarded to the parties entitled, and thus avoided any chances of being held liable for a misappropriation. He was not required, however, to force the parties into litigation, so that their respective rights might be determined, but had the power to divide the fund in his custody as seemed to him proper, assuming the risk of liability for any mistake. The complaint is not that the officer had made distribution, but that he had made an improper one. "There was no presumption that it was improper, and, in this action brought against the sheriff for his alleged tort, the rule is, as in all such cases, that the person charged with the wrongdoing is not called upon to prove anything until his adversary charging the tort has first proved it. The burden was upon the plaintiff to make out his case by showing, not only that he had a lien against the property sold, but that he had a right to participate in the proceeds, and that the sheriff had paid the money to others who are not entitled to receive it": Dowd v. Crow, 205 Pa. 214. In so far as purchasers at the sale are concerned, the dates disclosed by the record control in determining the rights of the respective parties. As between distributees, the true facts can be proved in a proper proceeding: Eckels v. Stuart, 212 Pa. 161; Knoell v. Carey, Sheriff, 285 Pa. 498. The burden was upon this plaintiff to make out his case, by showing, not only that he had a lien against the property sold, but that the sheriff had paid to another money which ought to have been paid to this plaintiff. The parties in this case agreed upon the facts in a case stated which was submitted to the court below. The facts thus agreed upon did not establish that the sheriff had made any mistake in paying part of the fund to the holder of the mechanics' lien. The mechanics' lien was filed for alterations of and additions to the building situated upon the lot in question, and the labor and materials involved were such that a

valid lien might be filed therefor. "The alterations and additions began on October 12, 1923, and continued until February 6, 1925." It was thus agreed that the work for which the mechanics' lien was filed was begun almost a year before the mortgage of this plaintiff was recorded, at which latter time the building operation was still in progress and continued until February 6, 1925. The lien for this building operation allowed for by the statute continued for six months from the completion of the work. The property was sold by the sheriff, upon the first mortgage which discharged all liens, before that six months, within which a lien might have been filed, had elapsed, and the claim of the mechanic ceased to be a lien upon the real estate and must be made upon the fund produced by the sale, "in like manner as though the lien had been entered of record: Yearsley v. Flanigen, 22 Pa. 491. The claimant had no right to proceed to judgment on a scire facias sur any mechanics' lien that might have been filed for the purpose of having the amount of his claim ascertained, for the lien had been destroyed: Rosenberg v. Cupersmith, 240 Pa. 162.

The appellant contends, however, that the mechanics' lien ought not to have been paid for the reason that the claim as originally filed, on April 4, 1925, was against Paul Martin Wallace, owner and contractor, and failed to mention Celia J. Wallace, his wife, as a defendant; that on April 6, 1925, Livingston, the plaintiff, and Paul Martin Wallace and Celia J. Wallace, his wife, entered into a written agreement that the claim should be so amended as to include the said Celia J. Wallace as a party defendant ab initio and that wherever the word defendant appeared in the said mechanics' lien the same should be amended so as to read defendants and include the said Paul Martin Wallace and Celia J. Wallace, which written agreement amending the claim was filed of

record therein prior to the expiration of the six months after the completion of the work. A copy of the mechanic's claim and of the agreement amending the same was attached to and made part of the case stated. Section 51 of the Mechanics' Lien Act of 1921 provides for amendments as follows: "Any claim may be amended from time to time by agreement of the parties or by leave of the Court upon petition for that purpose, under oath or affirmation, setting forth the amendment desired....... Such amendment shall be of right, saving intervening rights, except that no amendment of the claim shall be allowed after the time for its filing has expired, which undertakes to substitute an entirely different property or a wholly different party as the defendant, with whom the claimant contracted." This clearly implies that an amendment substituting a wholly different defendant may be filed before the time for filing the lien has expired. The amendment of the claim involved in this case was made within the time allowed for the filing of the claim. Even if no claim had been filed prior to the making of this amendment and the claim as amended had at that time been filed, the lien would have related back to the commencement of the work in the building operation and taken priority to the claim of this mortgagee. The rights of the appellant are to be determined as of the time when his mortgage became a lien upon the property, at which time the work upon the alterations of and additions to the building was in progress. He parted with no money and was not misled by any mistake in the form of the mechanics' claim as originally filed, no right of his intervened between the original filing of the claim and the amendment thereof. The facts agreed upon in the case stated did not establish the right of the plaintiff to recover in this action.

The judgment is affirmed.