# Summit Motor Co., to use, *v.* Modern Tire Repair Shop.

## Malcolm's Appeal.

*Bankruptcy — Sheriffs — Sheriff's sale—Distribution of fund— Fees of sheriff—Appeal.*

1. If a sheriff makes distribution of the proceeds of a sale prior to the return day of the writ, he assumes the risk of a proper distribution.

2. Judgments entered against an insolvent and executions issued thereon within four months of the time a petition in bankruptcy is filed against him, give the judgment creditors no preference over other creditors.

3. If the sheriff sells the insolvent's goods under an execution and distributes the proceeds to the execution creditors, he will be liable to the trustee in bankruptcy duly appointed.

4. Where the court below enters an order on the sheriff, to pay over the fund less a specified amount as his fees, with a statement that if the amount of the fees is erroneous, the court will modify the order, the sheriff, if he is dissatisfied, should apply to the court below for relief, and not raise the question on an appeal from the order.

*Appeals—Review—Matter not raised below.*

5. The appellate court will not consider a question not raised in the court below.

Argued March 20, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 18, March T., 1928, by John M. Malcolm, sheriff, from order of C. P. Indiana Co., March T., 1927, No. 202, directing sheriff to pay over proceeds of sale, in case of Summit Motor Co. to use of Citizens National Bank of Indiana, Pa., v. Modern Tire Repair Shop. Affirmed.

Petition for order on sheriff to pay over proceeds of sale under execution. Before Langham, P. J.

The opinion of the Supreme Court states the facts.

Prayer of petition granted. John M. Malcolm, sheriff, appealed.

*Error assigned,* inter alia, was order, quoting record.

*Wm. M. Ruddock,* with him *Robt. M. Fisher, Fee & Tomb* and *James W. Mack,* for appellant.—There is no rule which requires the sheriff to hold the fund realized on an execution until the return day of the writ: McDonald v. Todd, 1 Grant 17; Herr v. Landis, 33 Lanc. L. R. 29.

The rule to show cause why the sheriff should not pay over money to the trustee was made absolute by the court of common pleas. The only method of enforcing the decree is by attachment for contempt: Franklin

Twp. v. Osler, 91 Pa. 160; McCanna & Fraser Co. v. Hotel Co., 252 Pa. 482.

Title to funds realized by the sheriff on executions, does not vest in the trustee in bankruptcy of the defendant in the executions, where the money was paid out to the plaintiffs in the writs prior to filing the petition in bankruptcy: Stone v. Ins. Co., 278 Pa. 400.

*W. C. Chapman,* for appellee, cited, as to rule to show cause: Frazier's App., 6 Sadler 492; Noble v. Cope, 50 Pa. 17; Mulligan v. Barnes, 171 Pa. 53; Ferguson v. Greth, 195 Pa. 272.

OPINION BY MR. JUSTICE WALLING, April 9, 1928:

On January 18, 1927, three judgments were entered in the Court of Common Pleas of Indiana County and three executions thereon issued against Jack Walker, individually and doing business as the Modern Tire Repair Shop, upon which the sheriff seized, advertised and sold his personal property for $3,965.92. The sale thereof took place on the 25th to 28th days of the same month inclusive. Meantime on January 24th, another judgment was entered and execution issued against the same defendant. The writs of execution were all returnable to the first Monday in March, 1927. On January 29, 1927, the sheriff, on receipt of a sufficient bond of indemnity, paid the net proceeds of the sale to the attorneys of the execution creditors, by check on the First National Bank of Indiana, Pa., which was presented to the bank and paid February 5th. That Walker was insolvent was known to the sheriff and the execution creditors, prior to the sale above mentioned, and on February 1st, an involuntary petition in bankruptcy was filed against him in the proper United States Court and a restraining order, forbidding the disposal of the fund in suit, issued out of said court, was served on the sheriff and execution creditors on February 4th. The sheriff could then have stopped payment on the check

but did not do so. On March 28, 1927, Walker was duly adjudged a bankrupt and Howard D. Creps was appointed trustee in bankruptcy of his estate. In May following, the trustee petitioned the Court of Common Pleas of Indiana County for an order on the sheriff to turn over to him the net proceeds of the sheriff's sale, to which an answer was filed and testimony taken. Upon a finding of the facts, inter alia, as above stated, the court granted the prayer of the trustee and therefrom the sheriff brought this appeal.

The record discloses no error. The sheriff violated his duty in making distribution of the proceeds of the sale prior to the return day of the writs and, so doing, he assumed the risk of a proper disposition: Appeal of James O. Frazier, Sheriff, 6 Sadler 492; Williams's App., 9 Pa. 267; McDonald v. Todd, 1 Grant's Cases 17. See also opinion of Judge HARE in Fisher v. Allen, 2 Phila. 115. After the return day, it is customary for the sheriff to make distribution unless notified of a contest: Bastian's Case, 90 Pa. 472, 476; Franklin Twp. v. Osler, 91 Pa. 160.

Walker being insolvent, the judgments entered against him and executions issued thereon within four months of the time the petition in bankruptcy was filed were void as to other claimants and gave the judgment creditors so doing no preference over them. The purchasers of the Walker property at the sale were presumably bona fide and acquired a good title, but the proceeds took the place of the property and became a part of the Walker Estate, in which all the creditors were entitled to share. Under the existing facts it was the plain duty of the sheriff to retain the fund to answer the demand of the trustee in bankruptcy, who, on qualifying as such, was entitled to its possession. Section 67, clause f of the Federal Bankruptcy Act (U. S. Compiled Statutes Annotated, vol. 9, p. 11,636) provides, inter alia: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against

a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt." Because of this act the judgment creditors in the instant case acquired no preference and the title to the fund raised by the sheriff's sale vested in the trustee: Clarke v. Larremore, 188 U. S. 486; Greenberger et al. v. Schwartz, 261 Pa. 265; Bank of N. A. v. Penn M. C. Co., 235 Pa. 194; In re Cowen Hosiery Co., Inc., 286 Fed. 351; In re Community Stores of Iowa, 282 Fed. 328. The sheriff protected himself by a bond,—as, on the return of the writ, he might have done by paying the money into court on leave obtained for that purpose.

The trustee asked for an order on the sheriff to pay him the fund; but whether that was good practice we will not consider for no such question was raised in the trial court. In any event, it was a matter of form rather than of substance.

The court found inter alia, "That the legal fees, as we understand, due the sheriff, amount to $60.08, leaving a balance due the bankrupt estate of $3,905.84. If this is error we will be glad to modify it." The sheriff complains that this does him an injustice as to fees. In view of the order it would seem proper to give him an opportunity to present his complaint to the trial court.

The decree is affirmed at the costs of appellant, reserving to him the right to have the trial judge reëxamine and, if necessary, readjust the amount of sheriff's fees to which he is entitled.