## In re WALKER.

District Court, W. D. Pennsylvania.
November 2, 1929.

No. 13241.

Fee & Tomb, of Indiana, Pa., for claimants.

Robert M. Fisher, of Indiana, Pa., for sheriff.

W. C. Chapman, of Indiana, Pa., for petitioning creditors.

SCHOONMAKER, District Judge. This case now comes to the court on petition to review an order of the referee in bankruptcy made on the 25th, day of July, 1928. This order sustained objection to the allowance of the claims of the Citizens' National Bank of Indiana, Pa., and the B. F. Goodrich Rubber Company, against the bankrupt, for the reason that the same were not proven within the time limited by section 57n of the Bankruptcy Act (11 USCA § 93(n). There is no question that these claims were filed within the time prescribed by the act, if the proceeding pending in the state court in the state of Pennsylvania was a proceeding for the liquidation of them by litigation.

We have, therefore, only to consider whether the facts of this case bring them within the exception of this statute.

The referee held that the proceeding pending in the state court was not a proceeding for the liquidation of these claims, and therefore he refused to allow them.

The facts are briefly these: The claimants recovered judgment in the court of common pleas of Indiana county, Pa., against the bankrupt on January 18, 1927. Executions were issued the same day to the sheriff of Indiana county. The sheriff levied upon personal property of the bankrupt, and between the 25th and the 28th days of January, inclusive, he sold the property so levied upon at sheriff's sale for $3,965.92. On January 29, 1927, the sheriff gave to the attorneys for the execution creditors, the claimants in this case, a check for the net proceeds of this sale, which check was presented to the bank and paid on February 5, 1927. On February 1, 1927, an involuntary petition in bankruptcy was filed against the bankrupt; and a restraining order was issued by this court forbidding disposal of the fund in suit in these causes and enjoining the execution creditors, the claimants in above named petition, from receiving it. This writ of injunction was served upon the claimants and upon the sheriff of Indiana county on February 4, 1927. On the adjudication in bankruptcy in this case, a trustee was appointed, who petitioned the court of common pleas of Indiana county for an order on the sheriff of Indiana county, directing him to turn over the net proceeds of the sheriff's sale in question to the trustee in bankruptcy. The court of common pleas of Indiana county granted that petition and directed the sheriff to pay the net proceeds over to the trustee in bankruptcy. The sheriff then appealed the case to the Supreme Court of Pennsylvania, and that court, on April 8, 1928 (293 Pa. 33, 141 A. 647), affirmed the judgment of the court of common pleas of Indiana county, and thereupon the sum in question was paid by the sheriff to the trustee in bankruptcy in the present case. Within the statutory period after the judgment by the Supreme Court of Pennsylvania, the claimants presented their claims in this case as general creditors of the estate, and these claims the referee refused to allow, holding that the proceeding in Indiana county for the recoupment of the amount realized at the sheriff's sale was not a proceeding for the liquidation of those claims, citing the case of E. F. Thompson's Sons, Bankrupts (D. C.) 123 F. 174, 10 Am. Bankr. R. 581, opinion by Judge McPherson, apparently overlooking a later decision by the same judge in the case In re Baird (D. C.) 154 F. 216, reversing his decision with reference to this matter under the authority of Powell v. Leavitt (C. C. A.) 150 F. 89.

We are of the opinion that the referee has erred in his legal conclusions in this case. The Supreme Court of the United States, in the case of Keppel v. Tiffin Sav. Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790, made it very plain that the creditor of a bankrupt, who has received voidable preference, and who has in good faith retained such preference until deprived thereof by the judgment of a court upon a suit of the trustee, can thereafter prove the debt so voidably preferred. That is just the situation in this case. The judgment creditor undertook to claim, as preferred payments, the amounts realized on the sale of the bankrupt's property at sheriff's sale. The trustee in bankruptcy sought to set aside the preferential payment thus secured by this sheriff's sale, and was successful in his action. There is no charge of bad faith made in this case against either of the claimants.

Our own Circuit Court of Appeals has also ruled on this same matter in the case In re Louis J. Bergdoll Motor Company, 233 F. 410, where a creditor received a voidable preference by a payment from the bankrupt, and the trustee brought a suit to recover the preference. It was held that the creditor might thereafter, at the termination of the suit to recover the preference, present to the bankruptcy court his claim for the full amount.

Resting our opinion on these two cases, we hold that the referee erred in disallowing the claims of the Citizens' National Bank of Indiana and the B. F. Goodrich Rubber Company. We therefore set aside the order of the referee and hold that these claims have been seasonably presented and should be entertained and considered.