## Smith, Trustee, *v.* Chamberlain, Appellant.

116 

Argued March 17, 1938. 

 Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ. 

*G. Mason Owlett,* with him *Charles G. Webb,* for appellant.

No appearance was made, nor brief filed for appellee.

OPINION BY STADTFELD, J., June 29, 1938:

C. M. & R. Tompkins of Elmira, New York, entered judgment on a promissory note by warrant of attorney, in the Court of Common Pleas of Tioga County, Dec. 20, 1932, in the amount of $850 against one L. H. Horton. On Oct. 4, 1933, a writ of fi. fa. was issued and directed to Edith L. Chamberlain, the defendant herein, as Sheriff of Tioga County, returnable the 4th Monday of November, 1933, which was the next term of court. The defendant, Edith L. Chamberlain, collected $660 of said writ and on Oct. 26, 1933, paid over to Crichton and Owlett, attorneys for C. M. & R. Tompkins, the sum of $533.55.

On the return day of the writ, or the 4th Monday of Nov. 1933, L. H. Horton was adjudicated a bankrupt. Owen S. Smith, the plaintiff herein, was elected trustee of the estate of said bankrupt, on Dec. 21, 1933.

No notice or restraining order was ever served upon the sheriff that L. H. Horton had been adjudicated a bankrupt. The attorney for the bankrupt, C. H. Ashton, did, however, on the return day, inform Harry Moore, a deputy sheriff, that he had sent schedules to Scranton.

Owen S. Smith, the trustee in bankruptcy of L. H. Horton, the plaintiff, brought suit against Edith L. Chamberlain, the defendant herein, on April 20, 1934, to recover the amount that the defendant had paid over to C. M. & R. Tompkins. After trial of the case, the jury brought in a verdict for the plaintiff in the amount of $533.55 with no interest. Defendant's motions for a new trial and judgment n. o. v., having been refused, judgment was entered on the verdict on September 6, 1937. This appeal followed.

Section 67, clause f. of the National Bankruptcy Act of 1898, provides as follows: "That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the Bankrupt."

Where the sheriff makes distribution of part of the proceeds of the sale prior to the return day of the writ, he in so doing, assumes the risk of a proper distribution; *Summit Motor Co. v. Modern Tire Repair Shop*, 293 Pa. 33, 141 A. 647. In that case, however, an involuntary petition in bankruptcy was filed against the

execution debtor in the Federal Court, and a restraining order, forbidding the disposal of the fund in suit, issued out of that court, was served on the sheriff almost a month prior to the return day of the writ.

The defendant in the instant case would be within her rights, and following the mandate of the writ, in making distribution at any time on the return day. No restraining order had been obtained, or even asked for enjoining distribution or payment to the execution creditor. There was no evidence as to the hour of the return day, when the petition and schedules in bankruptcy were filed. Suffice it to say, they were not filed before the return day. If, by reason of said distribution, a preference has been obtained by the plaintiff in the execution over other creditors, the remedy, if any, under the circumstances, is against the plaintiff in the execution and not against the sheriff defendant.

The second, third, fourth and fifth assignments of error are sustained. Judgment is reversed and now entered for the defendant.