## Andrews *v.* Fishing Creek Lumber Co.    Keeler's Appeal.

*Loss of auditor's report—Record—Practice, C. P.*

Where the report of an auditor, distributing the proceeds of a sheriff's sale, has been lost after confirmation nisi, the court may inquire into the nature of the report, and determine the validity of the exceptions taken to the distribution proposed, without recommitting the case to the auditor.

*Sheriff's sale—Distribution—Impounding fund—Practice.*

Where the proceeds of a sheriff's sale of real estate is in court for distribution, it is not proper practice to impound a portion of the fund to await the trial of a sci. fa. sur mechanic's lien at some future time.

Argued April 10, 1894. Appeal, No. 223, Jan. T., 1894, by E. Keeler Co., from order of C. P. Columbia Co., Feb. T., 1890, No. 7, dismissing exceptions to auditor's report. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report distributing proceeds of sheriff's sale of realty.

The opinion of court below was as follows by IKELER, P. J.:

" By a number of decisions of the Supreme Court of this state, we are led to the conclusion that the auditor was right in disallowing the claim, or right, of E. Keeler & Co. to have any portion of the fund impounded.

" Had we the auditor's report before us, which, on account of its loss, seems impossible at this time, we, no doubt, would be relieved from writing out our reasons, and could simply con-

firm his report; but, as it is, and in order to spread the whole case again upon the record, for consideration of a higher court, if desired by either party, we briefly cite our reasons and authority for approving the report of the auditor.

"It is admitted that nothing but the record evidence of the claim was offered before the auditor, and that upon such evidence he was asked to impound, out of the fund for distribution, the sum of eight hundred dollars, which sum was to be held by the court until the final disposition of the said sci. fa. on the mechanic's lien, by trial in court. Hence, the only question in the case before the auditor, and now before the court, is the right of E. Keeler & Co. to have the said portion of the fund impounded. The fund for distribution arose from a sheriff's sale of real estate, and was paid into court to await distribution through an auditor, to and among lien creditors. The fund in court then stood as to creditors, in the place of the property. Such sale divested all liens. It became the duty of E. Keeler & Co. to make the same proof before the auditor, of their right to preference, or priority of lien, and payment out of. the fund, as they would be required to make on a trial in court on the scire facias sur mechanic's lien, in order to entitle them to a judgment there, and in such case in an issue before the auditor, every lien creditor would then and there have had the right to controvert the validity of the lien and claim : See Denkel's Estate, 1 Pearson, 213; Norris's Ap., 30 Pa. 122; McCay's Ap., 37 Pa. 128; Hahn's Ap., 39 Pa. 413; Field v. Oberteuffer, 2 Phila. 271, and other cases to the same purport. It is even held in the case of McLaughlin v. Smith, 2 Wharton, 122, that where property has been sold upon a judgment before recovered, further proceedings on a scire facias on a mechanic's lien would be stayed. From the foregoing line of decisions it follows that E. Keeler & Co., not having asked for, or shown cause before the auditor for an issue, and having failed to make, before him, the necessary proof to entitle them to recover anything on their claim, it must fall. Their day in court was the day of the audit. It is not the proper or approved practice to impound a portion of the fund in the situation that this fund was, to await the trial in court on a sci. fa. at some future time. The place and time for the issue to be tried was before the auditor on the day of the audit, and that opportunity having been

voluntarily passed by the mechanic's lien claimant, E. Keeler & Co., the auditor was clearly right in refusing to impound eight hundred dollars of the fund to await the future trial in court of the scire facias on the lien.

" And now, Dec. 4, 1893, the exceptions to the auditor's report are dismissed, and his distribution, as testified to and admitted by the parties to have been made by him in his report, is approved, and his report is confirmed absolutely."

. *Errors assigned* were (1) in refusing to refer the case to the auditor for a hearing to enable him to supply the lost record, to wit, the auditor's report and exceptions thereto, (2) in requiring and directing the argument of the case in the absence of the auditor's report and exceptions, without having first given parties in interest an opportunity to reproduce the same in a proper manner; (3) in dismissing the exceptions and confirming what the court believed, from the imperfect testimony and brief admissions, to be the auditor's report.

*C. W. Miller*, *Candor & Munson* with him, for appellant.

*Grant Herring*, *Henry C. McCormick* and *Seth T. McCormick*, for appellee, not heard.

PER CURIAM, April 16, 1894:

The court below had power to make distribution without the aid of an auditor. The fund was referred however to an auditor who heard the parties and made a report. After confirmation nisi the report seems to have been mislaid or lost. This however did not prevent the hearing of the exceptions to the report, and a final decree in accordance with the distribution made by the auditor. The court had the power to inquire into the nature of the report and to determine the validity of the exceptions taken to the distribution proposed. It was not necessary to recommit the case.

The judgment is affirmed.