# Knoell, Appellant, *v.* Carey, Sheriff.

*Mechanic's lien — Visible commencement of work — Priority of lien—Sheriff's sale.*

1. On distribution of a fund realized at a sheriff's sale, a mechanic's lien is entitled to priority over other encumbrances, if it is averred and proved that the visible commencement of the work on the building, against which the lien was filed, was before such other encumbrances were entered of record.

*Mechanic's lien—Res inter alios acta—Objection.*

2. A mechanic's lien is res inter alios acta as to all but the parties to it, and hence, ordinarily, none others can be heard to object to it.

*Mechanic's lien—Amendments—When allowed.*

3. If a mechanic's lien correctly states the name of the owner of the property, and of the contractor for whom the claimant did the work for which the lien was filed, and the description of the property in the lien is reasonably accurate, all other defects are amendable as of right, and the claim will be held sufficient as against the owner, purchasers and lien creditors, though it may have to be amended in other particulars.

4. If the lien has been discharged by a sheriff's sale, it would be a useless formality to amend it, but it may be treated as if amended, in all those respects in which the amendment is of right.

*Mechanic's lien—Claim by mechanic's lien holder on fund raised by sheriff's sale—Evidence—Burden of proof—Suit against sheriff —Parties—Scire facias.*

5. On distribution of a fund realized at a sheriff's sale of the property described in a lien, the burden of proof is upon the lien claimant to establish by evidence, the date when his lien attached, and every other person claiming an interest in the fund may object to his claim if he fails to make such proof.

6. If a scire facias has been issued on the claim, and judgment recovered thereon, the averments of the lien are binding only on those who were served with the writ. As against all others, such judgment is effective only from the date of its entry, unless it has been proved, by evidence, when the visible work on the building was commenced.

7. Where, however, suit is brought against the sheriff, in any form of action, alleging that he has wrongfully distributed a fund

at a sheriff's sale, the burden of proof is upon the plaintiff to show not only that he had a lien upon the fund, but also that he had a right to participate in the proceeds, and that the sheriff paid the money to others who were not entitled to receive it. Unless he does this, the sheriff need offer no evidence.

Argued December 2, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 267, Jan. T., 1927, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1924, No. 6964, on directed verdict for defendant, in case of John Knoell v. James A. Carey, sheriff of Philadelphia County. Affirmed.

Assumpsit against sheriff. for alleged wrongful distribution of fund raised by sheriff's sale. Before MARTIN, P. J.

The opinion of the Supreme Court states the case.

Judgment on directed verdict for defendant. Plaintiff appealed.

*Error assigned,* inter alia, was instruction for defendant, quoting record.

*Abraham Wernick,* of *Evans & Wernick,* for appellant.—Where a sheriff is sued for improper distribution of funds derived from the sale of real estate, it was error to grant binding instructions for defendant and refuse same for plaintiff, where the admitted averments of the plaintiff's statement of claim offered in evidence showed that plaintiff entered judgment on February 21, 1923, on two judgment notes for $10,000, and a mechanic's lien was filed on March 10, 1923, claiming a lien from April 24, 1922, and, before distribution, plaintiff asked that the mechanic's lien be stricken off, which rule was discharged; and during the pendency of an appeal from that decision, and after the sheriff was notified on two occasions not to make distribution, the

sheriff pays the mechanic's lien plaintiff who imme-
diately marks the lien satisfied; particularly where
plaintiff contends that the mechanic's lien, on its face,
is irregular and invalid: Dowd v. Crow, 205 Pa. 214;
Prudential Trust Co. v. Hildebrand, 34 Pa. Superior Ct.
249; Rosenberg v. Cupersmith, 240 Pa. 162; Andrews
v. Lumber Co., 161 Pa. 204; Safe Dep. & Trust Co. v.
Steel Co., 176 Pa. 536; Norris's App., 30 Pa. 122; Mc-
Cay's App., 37 Pa. 125; Drake v. Stout, 282 Pa. 223;
Dyer v. Wallace, 264 Pa. 169; Knelly v. Horwath, 208
Pa. 487; Deichley's Est., 35 Pa. Superior Ct. 442.

*Theodore F. Jenkins,* with him *Claude L. Roth,* for
appellee.—To enable plaintiff to recover, the burden was
on him to show that the sheriff was derelict in his duty:
Dowd v. Crow, 205 Pa. 214; Knoell v. Carey, 285 Pa.
498; Nolt v. Crow, 22 Pa. Superior Ct. 113; Young v.
Lyman, 9 Pa. 449.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1928:
Defendant, as sheriff, sold certain realty, received the
amount bid for it, and correctly distributed all but $5,-
447.78 thereof. This balance was claimed by plaintiff,
on account of judgments aggregating $10,000, which he
held against the owner of the property; and $4,806.11
of it by one Harry Drake, who had a mechanic's lien
against the property, which, though filed after the en-
try of the judgments, contained averments that it was
for constructing additions to an apartment house on the
property, the work thereon having been visibly com-
menced before the judgments were entered. If this lat-
ter averment was true, and there was no other valid
objection to the lien, it was entitled to be paid in prefer-
ence to the judgments. Defendant, despite notice from
plaintiff not to do so, voluntarily paid the mechanic's
lien claimant in full, and gave to plaintiff only the bal-
ance of the fund. Alleging that this was a wrongful
distribution, the present suit was brought to recover

from defendant the amount he had paid the lien claimant.

At the trial, no proof was given as to the time when the work on the building was commenced, but plaintiff now contends he was entitled to all the fund (1) because the sum named in the lien is a lumping charge; (2) because the lien shows a blending of claims for several additions to the property; (3) because it does not show that the additions were of such a substantial character as to be equivalent to new construction; (4) because it does not show when the work was finally completed; and (5) because the burden of proof was on the sheriff to show that the lien had a prior right to the fund. Binding instructions were given for defendant, judgment was entered on the directed verdict, and plaintiff now appeals.

Perhaps it would be a sufficient answer to the first four of these objections to call attention to the fact that, though the mechanic's lien claim is frequently referred to in the proceedings, and what is doubtless a copy thereof has been printed by appellant, yet, so far as the record shows, it was not offered in evidence on the trial, and hence should not be considered by us. Appellee does not make this point, however, and hence we will assume the lien is properly before us. But each of those four objections, even if they would have been valid if made by the owner, are no concern of appellant. The statutory requirements in regard to such matters are for the benefit of the owner, and he has not objected. If he had, and for that reason the objections referred to would have been valid, they would all have been amendable as of right (Section 51, Act of June 4, 1901, P. L. 431, 454); and, as also said in that section, "If the names of the owner and contractor be correctly stated and the description of the property be reasonably accurate [and no challenge is here made as to either of these matters], the claim shall be sufficient notice to the owner, purchasers and lien creditors, though it may

have to be amended in other particulars." To have so amended it after the lien had been discharged by the sheriff's sale, would have been a useless formality, and hence was not required; the case being treated, however, as if it had been done: Rosenberg v. Cupersmith, 240 Pa. 162. This conclusion renders unnecessary a detailed consideration of those objections, though it may, perhaps, be wise to add that none of them would have been valid even if made by the owner, for he had personally made a single contract with the lien claimant to build all the additions for a gross sum.

This brings us to the fifth objection, upon which a serious argument might be made if the question was an open one. Undoubtedly, a lien is res inter alios acta as to all but the parties to it; hence, ordinarily, they alone can be heard to object to it: Drake v. Stout, 282 Pa. 223. For this reason it is also true that, in a proceeding for distribution of a fund realized by a sale of the property described in the lien, the burden of proof is upon the lien claimant to establish, by evidence, the date when his lien attached, and every other person claiming an interest in the fund may object to his claim if he fails to do so: Andrews v. Fishing Creek Lumber Co., 161 Pa. 204; Safe Deposit & Trust Co. of Pittsburgh v. Columbia Iron & Steel Co., 176 Pa. 536. This is so, even though a scire facias has been issued and judgment recovered thereon; such judgment is binding, as regards the averments of the lien, only on those who were served with the scire facias, and, in the absence of proof as to when the work on the building was commenced, is effective against all others only from the date of its entry: Norris's App., 30 Pa. 122; Safe Deposit & Trust Co. of Pittsburg v. Columbia Iron & Steel Co., supra; Rosenberg v. Cupersmith, supra.

An entirely different conclusion is reached, however, where an action is brought against the sheriff for the wrongful distribution of a fund in his hands. "As in all such cases......the person charged with the wrong-

doing is not called upon to prove anything until his adversary charging the tort has first proved it. The burden was upon the plaintiff to make out his case by showing, not only that he had a lien against the property sold, but that he had a right to participate in the proceeds, and that the sheriff had paid the money to others who were not entitled to receive it. In the absence of any evidence that an improper distribution had been made and that the lien creditors who were paid should not have received the money, the plaintiff could not have recovered": Dowd v. Crow, 205 Pa. 214, 219. We stated this same conclusion in the instant case, when it was here before: Knoell v. Carey, 285 Pa. 498, 501. True, the present summons was in assumpsit; but we need not consider whether such an action could have been maintained if objection had been made on that ground; it is sufficient for present purposes to say that he who avers a misfeasance must prove it, whatever the form of action may be.

The only other assignment is to the refusal to permit plaintiff to prove what his counsel said to one of the officers of the title company which issued the distribution policy to defendant. This was not communicated to defendant, and hence cannot affect him.

The judgment of the court below is affirmed.