## First National Bank of York v. R. & H. Construction Co., Inc.

*John T. Miller,* for exceptant.

*Bernard J. Brown,* for United States.

*John F. Rauhauser, Earl R. Doll* and *Paul E. Stein* for distributees.

ATKINS, P. J., April 24, 1963.—R. & H. Construction Company, Inc., executed and delivered a bond secured by a mortgage in chief of the First National Bank of York, York, Pa. The mortgage was recorded March 7, 1960. Judgment was entered on the bond by the bank. Execution followed and sheriff's sale of the real property covered by the mortgage was had on July 29, 1961.

At the time of the sale, notice of the following liens was in the hands of the sheriff:

1. The First National Bank of York, mortgage recorded March 7, 1960, judgment entered June 5, 1961, to the term and number noted in the caption and execution issued to the term and number noted in the above caption. Real debt, $12,675.00; interest, $707.73; attorney's commission, $633.75; docket costs, $11.75: Total, $14,028.23.

2. John B. Gross, mechanic's lien entered April 21, 1960, no. 350 M. L. D. no. 20, alleged to relate back to October 29, 1959. Judgment entered November 23, 1960, to August term, 1960, no. 316; execution no. 50, January term, 1961, but no sale had. Real debt, $2,596.31; interest, $220.69; docket costs, $63.35: Total, $2,880.35.

3. Judgment of United States of America for wage taxes entered May 12, 1960, April term, 1960, no. 785, in the face amount of $1,425.67. While this lien appears of record, the sheriff has been advised by officials of the Internal Revenue Service that the same has been paid and, for this reason, we give it no further consideration.

4. Judgment of D. W. Detwiler, entered May 17, 1960, April term, 1960, no. 839. Principal amount, $2,100.00; interest, $141.40; docket costs, $8.50: Total, $2,249.90.

5. Judgment of United States of America entered June 4, 1960, no. 1013, April term, 1960, no. 1013, for wage taxes. Principal amount, $1,264.49; statutory additions, $90.51: Total, $1,355.00.

6. Floyd R. Brothers, mechanic's lien entered June 15, 1960, no. 416; M. L. D. no. 20, alleged to relate back to October 20, 1959, and not reduced to judgment, Principal amount, $1,660.80; interest, $147.58; docket costs, $8.50: Total, $1,816.88.

7. Curtis M. Hoffman, mechanic's lien entered June 17, 1960, no. 417, M. L. D. no. 20, alleged to relate back to October 1, 1959, and not reduced to judgment. Principal amount, $3,658.60; interest, $310.98; docket costs, $8.50: Total $3,978.08.

8. Judgment of United States of America entered August 12, 1960, April term, 1960, no. 1701, for wage taxes. Principal amount, $2,857.14; statutory additions, $173.42: Total $3,030.56.

9. Judgment of United States of America entered September 6, 1960, August term, 1960, no. 756, for wage taxes. Principal amount, $1,206.48; statutory additions, $71.53: Total $1,278.01.

10. Judgment of Kenneth L. and Patricia A. Baugher entered October 13, 1960, October term, 1960, no. 114. Face amount, $1,000 and interest claimed from March 21, 1960. No calculation of claim has been presented to the sheriff, nor do we make any for the reason that in our proposed schedule of distribution, there will be insufficient funds to reach this lien.

11. Judgment of Marlet Naill entered November 18, 1960, October term, 1960, no. 628. Principal amount, $1,874 and interest claimed from November 18, 1960. No calculation of claim has been presented to

the sheriff, nor do we make any for the reason that in our proposed schedule of distribution, there will be insufficient funds to reach this lien.

12. Judgment of United States of America entered November 19, 1960. October term, 1960, no. 635, for depository receipt penalties. Principal amount, $49.66. While this lien appears of record, the sheriff has been advised by officials of the Internal Revenue Service that the same has been paid and, for this reason, we give it no further consideration.

13. Judgment of Commonwealth of Pennsylvania for unemployment compensation contributions entered December 30, 1960, October term, 1960, no. 1032. Tax $188.12; penalties $10; interest $19.59; lien costs $2.00: Total $219.71.

14. Judgment of United States of America entered May 5, 1961, May term, 1961, no. 561, for wage taxes. Principal amount, $1,571.93; statutory additions, $25.58: Total $1,597.51.

15. Judgment of Commonwealth of Pennsylvania for unemployment compensation contributions entered June 23, 1961, May term, 1961, no. 1089. Tax $67.16; penalties, $5.00; interest, $4.03; lien costs, $2; Total $78.19.

16. Judgment of York Stone & Supply Co. entered June 27, 1961, August term, 1961, no. 109. Principal amount $1,137.25. No calculation of claim has been presented to the sheriff, nor do we make any for the reason that in our proposed schedule of distribution, there will be insufficient funds to reach this lien.

17. Claim of Tax Claim Bureau of York County for unpaid 1960 real estate taxes assessed against the property sold. $291.25.

18. Claim for unpaid 1961 real estate taxes due the Township of Springettsbury, County of York, and the Central School District assessed against the property sold. $333.99.

A proposed schedule of distribution was duly filed by the sheriff after the sale as follows:

Proceeds of Sale ........................$20,600

Distribution:

Pa. Realty Transfer Tax ........$  206.00
Sheriff's costs ................    225.01
Luther H. Yohe, Agent—
    Realty t r a n s f e r taxes due Springettsbury T o w n s h i p on sheriff's deed ................  206.00
Luther H. Yohe, Agent—
    Federal transfer taxes due on sheriff's deed ...............   23.10
United States of America—
    Judgment, April term, 1960, no. 1013, principal amount $1,264.49 Statutory additions ..    90.51
        ————— 1,355.00

United States of America
    on account of judgment, April term, 1960, no. 1701, (principal amount $2,857.14; statutory additions $173.42, total $3,030.56)  2,535.86
Commonwealth of Pennsylvania—
    Judgment, October term, 1960, no. 1032
        Tax .............$  188.12
        Penalties .........    10.00
        Interest ..........    19.59
        Lien costs ........    2.00
        —————$   219.71
Commonwealth of Pennsylvania—
    Judgment, May term, 1961, no. 1089
        Tax .............$   67.16
        Penalty ..........    5.00

Interest .......... 4.03
Lien costs ........ 2.00
                              ————— 78.19

Tax Claim Bureau of York County
  —1960 real estate taxes ......  291.25
C. C. Innerst, Tax Collector—1961
  Township, County and School
  District real estate taxes ......  333.99
John B. Gross, mechanic's lien
  M. L. D. no. 20, no. 350,—
  October term, 1960, no. 316
    Principal amount . . $2,596.31
    Interest ........... 220.69
    Docket costs ...... 63.35
                              ————— 2,880.35

Floyd R. Brothers—mechanic's lien
  M. L. D. no. 20, no. 416
    Principal amount . . $1,669.80
    Interest .......... 147.58
    Docket costs ...... 8.50
                              ————— 1,816.88

Curtis M. Hoffman — mechanic's
  lien M. L. D. no. 20, no. 417
    Principal amount . . $3,658.60
    Interest .......... 310.98
    Docket costs ...... 8.50
                              ————— 3,978.08

The First National Bank of York
  County—on account of mortgage
  recorded March 7, 1960 and
  judgment, May term, 1961, no.
  874 (real debt $12,675.00; in-
  terest $707.73; attorney's com-
  mission $633.75; docket costs
  $11.75; total $14,028.23) ..... 6,450.58
D. W. Detwiler—judgment, May
  term, 1960, no. 839 .......... — 0 —

United States of America—
judgment, October term, 1960,
no. 756 ....................... — 0 —

Kenneth L. and Patricia Baugher
—judgment, October term, 1960,
no. 114 ...................... — 0 —

Marlet Naill—judgment, October
term, 1960, no. 628 .......... — 0 —

United States of America—
Judgment, May term, 1961, no.
561 .......................... — 0 —

York Stone & Supply Co.—
Judgment, August term, 1961,
no. 109 ...................... — 0 —

—————$20,600

Exceptions to the schedule of distribution were filed by the bank wherein exception was taken to the payment of certain of the liens before the payment of the bank's claims. These liens are:

United States tax lien #1013, April term, 1960.

United States tax lien #1701, April term, 1960.

Mechanic's liens of John B. Gross, Floyd R. Brothers and Curtis M. Hoffman, respectively.

Unemployment compensation tax liens in favor of the Commonwealth of Pennsylvania entered to no. 1032, October term, 1960, and no. 1089, May term, 1961, respectively.

September 7, 1962, nearly a year after the filing of the schedule of distribution, exceptions thereto were filed by the United States. December 31, 1962, a motion was filed by the bank to strike off the exceptions of the United States because they were not filed within 10 days of the filing of the proposed schedule of distribution. This motion will be granted.

Then on January 14, 1963, the United States filed a motion to intervene as a party plaintiff to enforce its lien and a complaint as intervening plaintiff was filed.

Preliminary objections were filed to this complaint by the bank, alleging that this court is not clothed with jurisdiction to entertain a civil action to enforce a lien for Federal taxes, and that the complaint does not set forth a cause of action by alleging facts that constitute such, but is merely a statement of exceptions to the sheriff's schedule of distribution.

We think both of these objections are well taken. Section 7402 of the Internal Revenue Code of August 16, 1954, 68 A. Stat. 813, 26 U.S.C.A. §7402(a), gives jurisdiction to the District Courts of the United States for enforcement of the Internal Revenue laws of the United States. Section 7403 of the code, 26 U. S. C. A. §7403, authorizes the filing of civil actions in the District Courts of the United States to enforce the liens of the United States with respect to tax liability. No jurisdiction is given to the State courts for this purpose, which is in contrast to section 7402(d) of the code, which confers concurrent jurisdiction with the Federal District Courts and the State courts to enforce bonds of Internal Revenue officers.

Neither the bank nor the United States referred us to any cases on this specific question, but we are satisfied from the reading of these sections that it was not the intent of Congress to give concurrent jurisdiction to both Federal and State courts for the enforcement of Federal tax liens.

In addition, the only relief requested in the complaint is a revision of the schedule of distribution, which must, under our rules, be accomplished by the timely filing of exceptions.

The proceeding is in the State court, and, therefore, subject to the rules of the State court. The preliminary objections to the complaint will be sustained without leave to amend, because, under our view of the matter, no amendment could cure the defect of lack of jurisdiction.

We have, therefore, only to dispose of the exceptions filed by the bank, which attack the preference in distribution given to the liens of the United States, mechanics' liens and the liens of the Commonwealth, over the claim of the mortgage of the execution creditor.

The mortgage was recorded, and therefore a perfected lien, before any of the other liens were recorded. It, therefore, would be prior in right over the liens of the United States, were these the only claims. This is true, because by section 6323 of the Internal Revenue Code of 1954, 26 U. S. C. A. §6323, the lien of Federal taxes is not valid as against a mortgagee, pledgee, purchaser or judgment creditor, until notice thereof has been filed, and in Pennsylvania the place of filing is in the office of the prothonotary where the property subject to the lien is situate. See Act of May 1, 1929, P. L. 1215, 74 PS §141.

The mechanics' liens present a different problem. These liens were not reduced to judgment prior to the sheriff's sale except for the one of John B. Gross, which was reduced to judgment November 23, 1960. All of the liens of the United States were filed with the prothonotary prior to this date except the last one to May term, 1961, no. 561, which was filed May 5, 1961. The bank contends that its mortgage is prior to these mechanics' liens because of a release of liens allegedly executed by all of this group of lienors except Floyd R. Brothers, and delivered to the bank prior to the execution, delivery and recording of the mortgage. The exceptions to Brothers read: "On the grounds that said claim is distributed and is currently in litigation." The nature of the litigation is not stated, and we are not sure what is meant by the phrase that the claim is distributed. An examination of the record shows that a scire facias was issued on the lien to August term, 1961, no. 253, and a judgment entered August 23, 1961, this being of course, after the sale. In its brief, the bank

refers to the Brothers and Hoffman claims as being unliquidated. We assume this is what is meant in the exceptions to the Brothers' claim as being in litigation, but the only allegation in the exception as to the Hoffman claim is based on the release. These liens, except as to the parties to the lien, are res inter alios acta, and they are not subject to attack by others. However, one asserting the lien in a dispute involving distribution of the proceeds of a sheriff's sale must establish its priority by proof: Knoell v. Carey, 291 Pa. 531; Andrews v. Fishing Creek Lumber Co., 161 Pa. 204; Safe Deposit & Trust Co. of Pittsburgh v. Columbia Iron and Steel Co., 176 Pa. 536.

Although the proof relating to priority here is meager, what there is has not been contradicted, and the testimony was that the construction was new construction, that it was begun on the ground prior to the recording of the bank's mortgage, and that the liens were filed less than six months after its completion. The release relied on by the bank was admittedly not signed by Brothers; hence, the release can have no effect on his lien.

The testimony concerning the signatures of the others is not entirely without question, but we will accept as a fact the signatures of Gross and Hoffman on the release are genuine. Does the document effectively release this property from their right to maintain mechanics' liens? The burden in this respect is on the bank: Schwartz v. Whelan, 295 Pa. 425; Act of June 4, 1901, P. L. 431, sec. 15, as amended, 49 PS §74. There is nothing in the document to show what property is intended to be affected by the release. There is nothing to show for whose benefit it is intended. The bank relies strongly on the testimony of Roland Hein, who testified the signatures were obtained for a release of mechanics' lien on the property which was covered by the mortgage on which this execution was had. Both

Gross and Hoffman deny they signed a release for this property, and stated they would not have signed such a release without first being paid. There is some corroboration of their testimony in the fact that, while Brothers did the plumbing work on the property, he did not sign the release, but that it was signed by one Gemmill for the plumbing work. Gemmill did work on other properties for which Hein secured releases, as did Gross and Hoffman, both of whom agree they had signed other releases prior to this one. Hein was aware Gemmill did not work on this property, and that Brothers did. This cast considerable cloud on his accuracy when he testified that bank exhibit no. 1 was obtained for this property. We are not satisfied that the bank has carried the burden of proving the release of mechanics' liens.

As an alternative, the bank argues that, even if the release is not sufficient, Gross and Hoffman are estopped to deny its efficacy because they had executed releases before for property of defendant to be used in mortgage transactions with this bank, and that the releases were as incomplete at the time of the signing by the contractors as was this one. We need not decide whether there can be such an estoppel because the testimony fails to disclose the actual language used in the other releases or whether they were similar to this one.

No question is raised as to the validity of the lien of the Commonwealth for unemployment compensation taxes. The exception relates only to the priority granted it in the schedule of distribution. The Federal liens and the unemployment compensation liens are both, by statute, postponed in payment to a prior recorded mortgage: Section 63, Internal Revenue Code, 26 U. S. C. A. §6323; Act of December 5, 1936. P. L. (1937) 2987, sec. 308.1, as amended, 43 PS §788.1. The Federal liens have priority over the inchoate lien of the mechanics' liens: United States v. White Bear Brewing Co., 350 U. S. 1010, 100 L. Ed. 871.

The local taxes are liens prior to the mortgage and the mechanics' liens, but subordinate to the unemployment compensation tax: Act of March 21, 1945, P. L. 47, sec. 1, 53 PS §7102.

There is nothing that can profitably be added to the discussion of the cases of Bender v. Mancino, 5 D. & C. 2d 532, and Adabashian v. Baker, 14 D. & C. 2d 489, concerning the relative priorities of Federal, State and local taxes. Since the local taxes are payable ahead of both the mortgage and mechanics' liens and the Federal tax liens are prior at least to the local taxes for 1961, and the State taxes are prior to all of the local taxes, these tax liens will be payable prior to any of the man-made liens.

Since the exceptions of the United States were not timely, we need not comment concerning the two Federal liens on which nothing was paid.

For the reasons herein set forth, this decree is entered:

And now, to wit, April 24, 1963, it is ordered, adjudged and decreed that the exceptions of the United States and the First National Bank of York, York, Pa., to the sheriff's schedule of distribution, be and are hereby dismissed, and the preliminary objections of the First National Bank of York, York, Pa., to the complaint in intervention of the United States be and are hereby sustained.

An exception is granted to the exceptants.